## John Krauser *v.* John M. McCurdy, Appellant.

*Receipt—Evidence—Question for jury.*

In an action to recover wages, defendant produced his check to plaintiff, showing on its face that it was "in full of all demands." The check was retained and used by plaintiff. The defendant, however, testified that he had drawn the check to pay for some personal property which he had purchased from the plaintiff, and that he did not know at the time of the existence of the claim for wages. *Held*, that the effect of the check as a settlement between the parties was a question of fact for the jury and not a question of law for the court.

Argued Feb. 11, 1896. Appeal, No. 94, July T., 1895, by defendant, from judgment of C. P. Chester Co., April T., 1894, No. 48, on verdict for plaintiff. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for wages. Before WADDELL, P. J.

Defendant claimed that he had paid plaintiff's claim by a check for $68.90, which stated on its face that it was "in full of all demands."

All the facts necessary to an understanding of the case will be found in the judge's charge and in the Per Curiam.

The court charged in part as follows:

[Now, as I have said to you, the import of this check is a receipt. But has he satisfied your minds from this correspondence that he did not receive it in full? In other words, that he only received it on account of the indebtedness which existed?] [1]

[There is no doubt at all that if Mr. Krauser received this $68.90 knowing that Mr. McCurdy gave it to him for the purpose of closing up this controversy, in other words, that Mr. McCurdy advanced this money as a settlement of an existing controversy between them, and Mr. Krauser understood that it was so offered, and accepted it under those terms, then he would be bound by it; he would be estopped from undertaking to show that it was a mistake, and there was more owing him. But you will say whether, under the circumstances surrounding this transaction, it was so received by Mr. Krauser.] [2]

You will see it is denied here by Mr. McCurdy that, at the

time he received this bill, this item was on it: "To 11 months' work at the mill at $35." He says that that item was not there; that all that was sent him was the bill of $68.90, and, in accordance with that, he sent his check to Mr. Krauser.

[Of course there is a controversy over this question, but that is what Mr. McCurdy says, and that after this bill, in some way or other, came into the hands of Mr. Krauser, either to be receipted, or for some other purpose, he added these words to it. Now, if that is so, and that is Mr. McCurdy's statement, and we must take it for this branch of the case as he states it, then could he have sent this check in full payment for anything like wages? It is just drawn for the bill of goods purchased at the sale. Could he have furnished it to Mr. Krauser in payment of wages when his attention had not been called to there being any wages due?] [3]

[You will say, whether or not it could have come into Mr. Krauser's hands and been accepted by Mr. Krauser, with the knowledge that Mr. McCurdy furnished it to him in full of all demands on his part, against him, Mr. McCurdy; or whether he received it in full settlement of the bill for things purchased at the sale. If, as I have said to you, he received it under those circumstances, as payment of the bill of goods purchased at the sale, he would not be estopped from undertaking to explain how he received it, although it is drawn in full of all demands.] [4]

[You will say, in view of the correspondence which took place and the testimony offered, under what circumstances Mr. Krauser received this check. If he received it in full, he would be bound by it. If he did not, you will say whether he should be bound by it any further than what it calls for, $68.90.] [5]

Defendant's points were, among others, as follows:

4. [That the plaintiff, having accepted the defendant's check of May 18, 1893, which was by its terms "in full of all demands," is now estopped from making claim upon the defendant for any indebtedness alleged to have accrued prior to the date of said check. *Answer:* I cannot affirm that point. I have submitted the question for your consideration, as to whether, under all the evidence in the cause, he is to be estopped.] [6]

5. [That the giving and acceptance of the check of May 18, 1893, was a final and full settlement between the parties to

this suit up to that date, and the plaintiff cannot now claim for wages alleged by him to have been due prior to that date. *Answer:* I cannot affirm that point either, gentlemen. I leave the question for your consideration to say whether or not it was a final and full settlement under the instructions which I have given you as to the legal effect of the check, and letters and testimony in connection with it.] [7]

Verdict and judgment for plaintiff for $393.35. Defendant appealed.

*Errors assigned* were (1–7) above instructions, quoting them.

*James C. Sellers*, for appellant.—The facts in this case are almost identical with those which were passed upon by this court in the case of Washington Natural Gas Co. v. Johnson, 123 Pa. 576.

It is the settled law of Pennsylvania that "an agreement between a debtor and creditor for the acceptance of part of a debt, in satisfaction of the whole, is void for want of consideration:" Brockley v. Brockley, 122 Pa. 1; Mechanics' Nat. Bank of Harrisburg v. Huston, 11 W. N. C. 389; Hendrick v. Thomas, 106 Pa. 327; Goddard v. O'Brien, L. R. 9 Q. B. Div. 37.

*Thomas S. Butler, William Butler, Jr.,* and *William S. Windle* with him, for appellee.—A receipt like any other parol admission by the party is open to contradiction, explanation or correction. It may be shown that it was given under a mistake either of fact or law: Russell v. Church, 65 Pa. 9.

The burden of proof is of course on those who rely on the estoppel: Herman on Estoppel & Res Judicata, 481.

PER CURIAM, March 2, 1896:

The assignments of error are seven in number but they all relate to the same question. The plaintiff sues to recover wages and the jury has found that the wages are due. The defendant sought however to defeat a recovery by showing a settlement of all demands before suit brought. For this purpose, he produced his own check drawn in favor of the plaintiff for the sum of $68.90, "in full of all demands," which the plaintiff had retained and used; but the defendant testified that it was drawn to pay

for some personal property he had purchased from the plaintiff and that he did not know at the time of the existence of the claim for wages. The learned judge told the jury that the effect of the check was a question of fact and not of law. If it was drawn and received, with a view to an adjustment of the claim for wages, it would amount to a satisfaction of the demand. But if it was drawn and received as payment in full for the property sold, and for no other purpose, then it would not prevent a recovery for the wages claimed in this action. We are not persuaded that this was error. Indeed we do not see how, in view of the defendant's testimony, it would have been possible for the learned judge to have treated the question as one of law merely. The judgment is affirmed.