Edward Flynn, Appellant, v. W. A. Hurlock and H. G.
Hurlock, trading as W. A. Hurlock & Son.

*Evidence—Receipt—Payment.*

Where a receipt is given "in full of all demands" because the debtors
refused to pay any more money without it, the creditor must be assumed
to have received the money upon the express condition that it was in full
of all demands, and he is concluded by it, notwithstanding his assertion at
the time that he "waived no rights."

Argued Jan. 12, 1900.   Appeal, No. 290, Jan. T., 1899, by
plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1898,

No. 180, refusing to take off nonsuit. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Assumpsit for work and labor done.

At the trial it appeared that plaintiff claimed for work done and materials furnished for the building of six walls at the House of Correction. The defendants who were the contractors with the city denied their liability. They also showed that after the work was completed plaintiff sent a bill to them for $3,990.50. He subsequently called upon W. A. Hurlock, and requested payment of the bill. Mr. Hurlock wrote at the foot of the bill the words "received payment in full of all demands," and offered to pay the amount of the bill if plaintiff would sign the receipt, but refused to make payment unless the receipt was signed. Plaintiff at first refused but subsequently accepted the money and signed the receipt, stating, however, as he did so, that he waived no right.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the refusal of the court to take off the nonsuit.

*Joseph R. Embery,* with him *S. Walter Foulkrod,* for appellant.

*Frank P. Prichard,* with him *James Wilson Bayard* and *John G. Johnson,* for appellees.—The receipt was conclusive: Rhoads's Est., 189 Pa. 460; MacDonald v. Piper, 193 Pa. 312.

PER CURIAM, January 29, 1900:

While we do not think there is any merit in the several assignments of error submitted on behalf of the appellant, and while it is certainly true that a receipt is open to explanation, and is not necessarily conclusive in itself, we are very clear that, upon the testimony in this case, the receipt "in full of all demands," given by the plaintiff to the defendant, when the final payment was made, precludes him from any further recovery. He gave

this receipt because the defendants refused to pay any more money without it. He must be assumed to have received the money upon the express condition that it was in full of all demands. He signed it with his eyes open, without any fraud, artifice, mistake or imposition practiced upon him, and he is consequently bound by it. The assignments of error are all dismissed.

Judgment affirmed.