## Daly, Appellant, v. Dallmeyer.

*Evidence—Receipt in full—Contract.*

In an action upon a written agreement of employment, where the defendant sets up various subsequent oral agreements which are alleged to have superseded the written agreement, and these oral agreements, although denied by the plaintiff, are corroborated by receipts in full of the plaintiff, which show on their face that they were given under the oral agreements, binding instructions for the defendant are proper, although the plaintiff testifies that at the time of signing, he said he receipted only on account, but " had to have money to live on," and, therefore, signed the receipt.

Argued April 15, 1902. Appeal, No. 56, April T., 1902, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., July T., 1899, No. 225, on verdict for plaintiff in case of Hugh Daly v. M. Dallmeyer. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit upon a written agreement of employment. Before FRAZER, P. J.

The facts appear by the opinion of the Superior Court.

Defendant's points were as follows:

1. Where a receipt in full is offered, it is prima facie evidence of settlement, and cannot be set aside except for weighty reasons, such as fraud, accident or mistake, and such causes for disregarding it must be made to appear distinctly, and no such causes appearing in this case, your verdict must be for defendant, except for the $40.00 admitted to be due. *Answer:* Affirmed. [1]

2. Where a receipt in full is set up as a defense in an action

for services performed prior to the date of the receipt in full, and the conclusiveness of the receipt is affirmed by the defendant and denied by the plaintiff, neither party being corroborated by any evidence, the receipt is conclusive against the plaintiff's right to recover, and under the evidence in this case, accordingly your verdict must be for the defendant, except for the $40.00 admitted to be due. *Answer:* Affirmed. [2]

3. Under all the evidence in this case, the verdict must be for the defendant, except for the $40.00 admitted to be due. *Answer:* Affirmed. [3]

The court charged in part as follows:

[We have a receipt in full, with the evidence of Mr. Daly that it was not to be in full and with the evidence of the other parties that it was to be in full; that he took it with the understanding that it was to be in full, or he would not have received anything.

Under these circumstances, in this case we say to you as a matter of law, that the plaintiff is not entitled to recover, except for the last month, which is $40.00, and we therefore instruct you to render a verdict for the plaintiff in the sum of $40.00, with interest from the time it became due. If we are wrong, we can be corrected by a higher court.] [5]

Verdict and judgment for plaintiff for $44.00. Plaintiff appealed.

*Errors assigned* were (1–3, 5) above instructions, quoting them.

*L. C. Barton,* for appellant.—Whether a paper, purporting to be a full and final settlement, was obtained by fraud and deception, is a question of fact for the jury: McGann v. Pittsburg, etc., R. R. Co., 111 Pa. 171; Loucheim v. Henszey, 77 Pa. 305; Graham v. Smith, 25 Pa. 323; Dornick v. Reichenback, 10 S. & R. 84; Jack v. Dougherty, 3 Watts, 151; Rhoads's Estate, 189 Pa. 460.

*A. Leo Weil,* with him *Charles M. Thorp,* for appellee, cited: Crawford v. Forest Oil Co., 189 Pa. 415; Rhoads's Estate, 189 Pa. 460.

OPINION BY BEAVER, J., May 22, 1902:

Plaintiff was employed under a written agreement as janitor and caretaker of defendant's office building, "He, at his own expense, employing all his help (for elevator and heat service and cleaning) and purchasing all materials that may be required for scrubbing, sweeping," etc. In consideration of such service he was to receive $140 per month for the months during which heat was to be furnished, and $120 per month for the remainder of the year. This agreement is dated October 27, 1897. According to the testimony of the defendant, this arrangement continued until the month of April, 1898, when, in consequence of the failure to rent the rooms in her building, she made a verbal agreement by which plaintiff was to receive $55.00 for the month of May, 1898, and $45.00 per month thereafter, and that in the month of December she employed him as engineer, agreeing to pay him $40.00 per month, which he accepted, because of the difficulty to secure work in the winter time. All of these several verbal agreements or understandings are specifically denied by the plaintiff and, if there were nothing else in the case, it would be clearly one for a jury.

The defendant is corroborated by the fact that, after the several dates referred to by her, bills were made out by her agents for the plaintiff, in which his wages at the rates mentioned by the defendant in her testimony are separately set forth and those of elevator boy and scrub-women separately. Each one of these bills for eleven months is receipted by the plaintiff, four of them containing on the margin the words "services in full to date," and all the others containing in the body of the receipts the words "in full for services to date."

It is clear from the testimony of the plaintiff himself that he understood what he was doing, when he signed these several receipts. True he claims that at the time of signing, he said he receipted only on account but "had to have money to live on" and, therefore, signed the receipt. Assuming this as true, the case is no stronger than Flynn v. Hurlock, 194 Pa. 462, in which the plaintiff gave a receipt in full of all demands, stating when he did so that he waived no rights, wherein it is said: "He gave the receipt because the defendants refused to pay any more money without it. He must be assumed to have

received the money upon the express condition that it was in full of all demands. He signed it with his eyes open, without any fraud, artifice, mistake or imposition practised upon him, and he is, consequently, bound by it." This is the doctrine of all our later cases—Crawford v. Forest Oil Co., 189 Pa. 415; Rhoads's Est., 189 Pa. 460; MacDonald v. Piper, 193 Pa. 312; Benseman v. Prudential Ins. Co., 13 Pa. Superior Ct. 363—and must prevail here.

It follows that there was no error either in the charge of the court or answers to points for charge. The assignments of error are all overruled.

Judgment affirmed.