## Mocomber *v.* Proctor, Appellant.

*Master and servant—Contract—Beneficial fund.*

Where an employer enforces a rule that each of his employees shall be charged with fifty cents per month out of his wages for a beneficial fund, and one of the employees during the first month of his employment protests against the charge, but subsequently continues in his employment for forty-five months, receipts each month for his wages in full, and accepts allowances from the beneficial fund, the employee cannot recover in an action at law any part of the fund from his employer.

Argued Feb. 10, 1903. Appeal, No. 19, Feb. T., 1903, by defendants, from judgment of C. P. Tioga Co., Sept. T., 1902, No. 127, on verdict for plaintiff in case of Thomas Mocomber v. H. H. Proctor et al., trading as Proctor, Ellison & Company. Before BEAVER, ORLADY, SMITH, W. D. PORTER and MORRISON, JJ. Reversed.

Appeal from judgment of justice of the peace. Before NILES, P. J.

From the record it appeared that the plaintiff recovered a judgment against the defendant before a justice of the peace for $8.44 for wages, and money retained out of wages. The defendant appealed from this judgment.

The court charged in part as follows:

[Now, we understand Mr. Cornelius to say there was a rule of the company that permitted them to retain fifty cents a month from each one of their employees for the purpose of taking care of them when they were sick and furnish medical attendance, and that was to be distributed according to his

own best judgment. Now right here comes the pinch in this
case, and it is for you to determine. I think Mr. Cornelius
did say that when they came to settle the first month, or one
of the first months, and retained the fifty cents, that Mr.
Mocomber objected to the retention of that money, and that
Mr. Cornelius said to him, "If you stay here and work in the
employ of the company you have got to pay it." That is
substantially the evidence, but you will remember what that
is, as I didn't charge my mind with it. Upon the other hand,
Mr. Mocomber said you cannot keep this money, I must have
my pay; and he swears he never did consent to the retention
of this fifty cents during this forty-five months. That is the
evidence. The defendant replies to that by showing that he
signed a receipt which they say is a receipt in full. Ordinarily
a receipt in full is evidence as a payment in full, but if that
receipt was misunderstood by the parties, of course it is al-
ways subject to an investigation.] [3]

[Now, gentlemen, after the evidence was all in substantially,
we think, upon the part of the defendant, something was said
about these rules, what they were, and the rules were produced,
and we hold a copy of them in our hands. Well now we
must say to this jury that if these rules were the rules that
were in force during these forty-five months there is nothing
in them that would permit the company to deduct fifty cents a ·
month during these forty-five months. " Each person hired with
the intention of remaining in the employ of this company
will be charged to come from his first day's work fifty cents,
which will be put into what is called the relief fund. Each
employee after six consecutive months' work will become eligible
to this fund. Fund to be used in the discretion of the super-
intendent or manager of this business and to be used in case
of severe sickness among employees, death in families or any
such worthy case as may be considered proper, and in issuing
orders for medical treatment. This relief fund will be managed
entirely under the discretion of the superintendent or manager
of this business." Gentlemen, we think, and we have not
heard from the defendant's learned counsel upon this point,
we think there is nothing in that rule by reading it and giving
it the full meaning of the English language; there is nothing
in that rule that permits them to deduct fifty cents for forty-

five months, and if that is all there is and if the plaintiff is not bound by the receipt he would be entitled to $22.50 because it is not disputed by the defendant, and practically admitted. The $22.50 had been deducted from this man's wages, and we do not think this rule standing by itself gave them the right to deduct fifty cents a month during these forty-five months.] [4]

[Gentlemen, you take this case and dispose of it as you conclude in reference to the correctness of the evidence of the plaintiff and the evidence of superintendent for the defense. If they are not entitled to deduct that fifty cents under these rules, under the evidence the plaintiff would be entitled to a small verdict. If he is bound by it, and if his conduct was such that he ratified it by these receipts, then as a matter of course there would be no judgment for the plaintiff. If he did not ratify it and he tells it as it is and Mr. Cornelius misrecollects the conversation and these rules do not authorize them to do it, then he would be entitled to a small verdict.] [5]

Verdict and judgment for plaintiff for $8.44. Defendant appealed.

*Errors assigned* among others were (3–5) above instructions, quoting them.

*S. F. Channell*, with him *John S. Ryon, F. E. Watrous*, and *H. F. Marsh*, for appellant, cited : Reeside v. Reeside, 49 Pa. 322 ; Pottsville Iron & Steel Co. v. Good, 116 Pa. 385.

*A. B. Dunsmore*, with him *F. D. Selph*, for appellee.

OPINION BY SMITH, J., March 12, 1903 :

The defendants were engaged in the tanning business for many years, and had in their employ a large number of persons. They also carried on a mercantile business and supplied their employees with merchandise. In the conduct of their business certain rules were enforced, one of which was as follows :

" Each person hired with the intention of remaining in the employ of this company will be charged to come from his first day's work fifty cents, which will be put into what is called the relief fund. . Each employee after six consecutive months' work

will become eligible to this fund. Fund to be used in the discretion of the superintendent or manager of this business, and to be used in case of severe sickness among employees, death in families, or any such worthy case as may be considered proper, and in issuing orders for medical treatment. This relief fund will be managed entirely under the discretion of the superintendent or manager of this business."

All the employees of the company in and about the tannery (varying from about 600 to 1,000) contributed to the fund as required by this rule, without discrimination. The moneys were applied and distributed as provided by the rule, and notices were posted from month to month in the store and at the tannery, showing the manner of its disbursement. According to the evidence it was paid out to the sick and needy for necessaries including doctor's bills and medicine, and seems to have been disbursed conscientiously and for the purpose for which it was collected. Collections under the rule ceased in May, 1901, and after June of that year the work of returning the balance to the contributors was begun. At the time of trial there remained on hand $278.33. From this balance the plaintiff seeks to recover the amount of his contribution, $22.50, less what he owed the company on a store account, claiming $8.44, for which he obtained a verdict in this case.

He protested against the deduction of fifty cents per month on the first month of his employment, but, according to the evidence, he was then informed of the rule and told that if he remained in the employ of the company he would have to submit to it, and if he was not satisfied he must stop work. After this he continued in the company's employ without protest, contributing to the fund fifty cents monthly, and receiving allowances from it as occasion required during the period of his employment like the other employees. During the forty-five months he was employed, the plaintiff received in disbursements from the fund over $8.00 for himself and family. About the 10th of each month the plaintiff received his pay for the preceding month and signed receipts therefor: " Received payment in full to date."

Unquestionably the plaintiff cannot now recover, in this action, any part of the fund. His contributions were voluntary and the receipts were a ratification which now estop him from

gainsaying their truth.  After having given forty-five such receipts with full knowledge of their import, it is absurd to ask a court to relieve him from the effect of such ratification, or to disregard the plain rules of business integrity : Flynn v. Hurlock, 194 Pa. 462; Daly v. Dallmeyer, 20 Pa. Superior Ct. 366.

If the plaintiff has an equitable right to any portion of the fund yet remaining, he cannot recover it in this action, under the pleadings.   If liable to the plaintiff at all the law will not imply a promise to repay before the defendant's liability to refund has been ascertained and established : Reeside v. Reeside, 49 Pa. 322.   See also Enterprize Oil & Gas Co. v. National Transit Co., 172 Pa. 421, and Norris v. Gould, 15 Weekly Notes of Cases, 187.

Judgment reversed.