## McGahren *v.* Insurance Company, Appellant.

*Evidence—Payment—Receipt.*

Where a person gives a receipt for a check with full knowledge of what is implied therein and uses the check, and there is no evidence of fraud, accident or mistake in giving the check, the receipt is conclusive.

Argued Jan. 12, 1905. Appeal, No. 68, Jan. T., 1905, by

defendant, from judgment of C. P. Luzerne Co., Oct. T., 1903, No. 65, on verdict for plaintiff in case of John McGahren v. The Royal Union Mutual Life Insurance Company. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Judgment modified.

Assumpsit for moneys paid out and for services. Before HALSEY, J.

At the trial it appeared that the suit was brought by an attorney at law to recover for services in defending a suit against defendant on a policy of insurance, and for $150 paid to a physician who had testified as an expert for defendant and had been employed at defendant's instance and request.

Other facts appear by the opinion of the Superior Court.

The court charged in part as follows :

[" Ordinarily, gentlemen of the jury, that receipt would be conclusive, being in full for all services performed. But there are certain equitable rules applicable to receipts of that kind, which courts have held do not make them conclusive. If Mr. McGahren, because of the confidential relation existing between himself and Mr. Watson in this representative capacity, Mr. Watson being the attorney of this company, executed that paper with the impression left upon him by that which had been written to him by Mr. Watson that it was not to be in full, but he was to be further compensated for his services, then it would not be conclusive upon him. Or if by anything that you find Mr. Watson wrote in the two letters, or that which Mr. McGahren testified with reference to it, he was fraudulently induced to indorse that check and sign the receipt, or if he accidentally or mistakenly signed them, they would not be conclusive upon him, and he would be entitled to recover for the balance of the bill of April 13, 1899. These facts are for your consideration. The courts have held that a receipt in full is prima facie evidence of a settlement, but not conclusive. It may be attacked on the ground of fraud, mistake or ignorance of legal rights in the party who gave it. If the relation between the parties is one of trust and confidence, a receipt of itself may be insufficient."] [3]

Defendant presented these points :

1. Plaintiff cannot recover in this case for the money, to wit: $150, paid Dr. O'Malley, there being no evidence that he was legally authorized by defendant company to pay said amount. *Answer:* This point is negatived, because in our judgment we think there is testimony for you to take up and consider as to whether he had expended that money or not. [4]

3. In this case there is no evidence of fraud, accident or mistake. *Answer:* That is negatived. [5]

Verdict and judgment for plaintiff for $261.48. Defendant appealed.

*Errors assigned* were (3–5) above instructions, quoting them.

*C. B. Little,* with him *John T. Lenahan,* for appellant.— Plaintiff was concluded by the receipt: Fuller v. Kemp, 138 N. Y. 231 (33 N. E. Repr. 1034); Perkins v. Headley, 49 Mo. App. 556; Krauser v. McCurdy, 174 Pa. 174; Christman v. Martin, 7 Pa. Superior Ct. 568; Washington Natural Gas Co. v. Johnson, 123 Pa. 576; Tanner v. Merrill, 31 L. R. A. 171; Simmons v. Almy, 103 Mass. 33; Truax v. Miller, 48 Minn. 62 (50 N. W. Repr. 935); Daly v. Dallmeyer, 20 Pa. Superior Ct. 366; Flynn v. Hurlock, 194 Pa. 462; Crawford v. Oil Co., 189 Pa. 415; Harris v. Haye, 111 Pa. 562; Mac-Donald v. Piper, 193 Pa. 312; Benseman v. Ins. Co., 13 Pa. Superior Ct. 363; Rhoads' Est., 189 Pa. 460; Sylvius v. Kosek, 117 Pa. 67.

*John M. Garman,* with him *P. A. O'Boyle,* for appellee, cited: McGrann v. R. R. Co., 111 Pa. 171; Hamsher v. Kline, 57 Pa. 397; Batdorf v. Albert, 59 Pa. 59; Jones v. Matheis, 17 Pa. Superior Ct. 220.

OPINION BY BEAVER, J., April 17, 1905:

An examination of the entire testimony of this case leads us to the conclusion that the plaintiff was bound by his receipt, forwarded through his associate Watson, for the check for $250, received, indorsed and used by him. He used the check and signed the receipt in full, with full knowledge of what was implied therein. There is nothing in Watson's letters, even assuming that he had authority to act for the defendant, which

could in any way mislead him. There was no evidence, therefore, of fraud, accident or mistake which could relieve the plaintiff of the legal effect of his receipt. Having, therefore, given it deliberately, he is bound by it, and the jury should have been so instructed: Daly v. Dallmeyer, 20 Pa. Superior Ct. 366; Guhl v. Frank, 22 Pa. Superior Ct. 531.

The item of $150 paid to Dr. O'Malley to secure his attendance and services as an expert at the trial, rests on an entirely different foundation. Under the amendment to plaintiff's statement, he proved the payment of $150 to O'Malley, for which the defendant was undoubtedly liable.

The verdict having been rendered for $261, there was evidently included in it something for the plaintiff's services, in addition to the amount paid to O'Malley, which cannot be allowed. Substantial justice will be reached by allowing the verdict to stand for the amount of this payment, together with interest, and eliminating the balance for services.

This sufficiently disposes of the case, without a discussion of the several assignments of error.

The payment to O'Malley was not made until after the receipt of the check. The amount would, therefore, bear interest—say from May 1, 1899, to the date of the verdict, June 14, 1904, which amounts to $46.10. The judgment is, therefore, modified and reduced to that amount, to wit: $196.10, with interest from June 14, 1904, and, as so modified, it is affirmed.