## Stukey *v.* Rissinger, Appellant.

*Evidence—Receipts—Wages—Extra work.*

In an action for wages where the plaintiff claims to recover for extra work, and he is met by several receipts in full which did not cover any extra work, and by defendant's testimony in denial of any agreement to

pay for extra work, it is reversible error for the court to neglect to charge the jury as to the serious effect of such evidence on the plaintiff's claim.

Argued Jan. 1906. Appeal, No. 27, Jan. T., 1906, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1903, No. 1,217, on verdict for plaintiff in case of Melville Stukey v. William Rissinger and Harry Rissinger, trading as Rissinger Bros. & Co. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit for wages. Before LYNCH, P. J.
The facts are stated in the opinion of the Superior Court.

The court charged in part as follows :
Questions of law have been presented to the court. The main one is that the statements and receipts signed twice a month by plaintiff, bind and is conclusive against him.

For this reason the court cannot so instruct you. If the testimony of the plaintiff be true, Blackwell hired him and Blackwell told him his wages would be increased and he would get any increase allowed by the anthracite commission, if so his wages and his commission were not fixed until the report of the commission was filed. Because, I presume, it was unknown to the operators and the workmen what the increase or decrease would be. The report was made to the president on March 18.

Verdict and judgment for plaintiff for $239.83. Defendants appealed.

*Errors assigned* were (3) the instructions of the court, and (4) that the charge was inadequate.

*R. B. Sheridan,* with him *John T. Lenahan,* for appellants.—
The charge of the court was an inadequate and misleading presentation of the case to the jury : Webb v. Lees, 149 Pa. 13 ; Reber v. Schitler, 141 Pa. 640.

*James L. Lenahan,* with him *Cecil R. Banks,* for appellee, cited : Hibbs v. Woodward, 15 W. N. C. 338 ; Krauser v. McCurdy, 174 Pa. 174.

OPINION BY MORRISON, J., April 23, 1906 :

This action was brought before a justice of the peace, and came into the common pleas by defendants' appeal. It was tried in the common pleas on a plea of non assumpsit, etc., to the transcript which stood as the plaintiff's declaration. Verdict and judgment having gone against the defendants for $239.83, they appealed to this court.

The claim as stated in the transcript is "wages for manual labor done by plaintiff for defendants during the months of November and December, 1902, and January, February and March, 1903, as fireman at their, the said defendants', coal washery at Plymouth, Luzerne county, Pa. Demand, $207.12."

The plaintiff testified in substance that he was employed to work for the defendants at $2.25 per day of eight hours; that he worked during the month of October and was paid therefor; that he also worked in November, December, January, February and March following; that on November 1, 1902, a new contract was made whereby the plaintiff was to receive $2.25 for each day of eight hours, and if he worked over eight hours per day he was to receive pay for the extra work, and, in addition, to receive such increase or rise in wages as might thereafter be awarded by the mine commission, and that for the extra time and the increase allowed by said commission he was not to be paid until after the said commission should report. This claim of the plaintiff as to the extra hours and the increase by the mine commission was strongly disputed by the defendants. The plaintiff testified that this contract was made with one Arthur Blackwell, who appears to have been a foreman, or boss of carpenters, employed by defendants. The fact that Blackwell made such a bargain with the plaintiff and his authority to make it were disputed and absolutely denied by the defendants, and Blackwell's testimony was not produced. One of the Rissingers testified positively that he employed the plaintiff, and gave him notice that he would be expected to work twelve hour shifts without any increase of wages. It does not appear clearly from the evidence just how and when the plaintiff was paid for the work done in November and December, but we do not understand that he claimed anything for November and December except pay for extra hours and the ten per cent increase allowed by the mine commission.

For the months of January, February and March there were written receipts and statements put in evidence by the defendants and the genuineness of the same was not disputed by the plaintiff. The first one of these receipts is as follows : "No. 3. Rissinger Brothers & Co. Detach this and present on pay day properly signed. Old Plymouth collery. Melvin Stukey. Received of Rissinger Brothers & Co. $24.75 in full of all demands to January 16, 1903, as per statement rendered. Melvin Stukey. No. 3. January, first half, 1903. Hours 110 at 22½, $24.75." The next three receipts and statements are in the same form, except that the words "as per statement rendered" do not appear in them, and the number of hours' work differs. But each receipt and statement specifies the number of hours and the rate as twenty-two and a half cents per hour. The total number of hours stated in the four receipts is 550. This computed at eight hours per day is sixty-eight and three-fourths days, which computed at $2.25 per day amounts to $154.78. The two March receipts differ from the others, as they are each for a certain number of days at $2.25 per day and are in full of all demands. The one for the first half of March is fifteen days at $2.25, $33.75, and the one for the last half of March is for $36.00, in full of all demands to April 1, 1903, being for sixteen days at $2.25. This would make the plaintiff's claim of compensation at $2.25 per day of eight hours, $224.53, but, in fact, the amount actually computed and paid to him, as shown by the receipts, is $193.50. It should be noted that the first four receipts are inconsistent with the plaintiff's testimony in that they clearly show he was working at twenty-two and a half cents per hour. This does not agree with his testimony that he was to receive $2.25 for each eight-hour day. The evidence also shows that the last receipt was executed and delivered nearly two weeks after the mine commission had reported, on March 18, 1903. The plaintiff's last receipt was in full for all demands to April 1, 1903.

There being no allegation that the receipts were procured by fraud, accident or mistake, or by any improper inducement, the counsel for the defendants contended that they were conclusive and presented to the court the following points: "1. It appearing from the receipts offered in evidence that a settlement in full of each two weeks' work was given by plaintiff to defend-

ants, and it further appearing that such receipts were not procured by fraud, accident or mistake, plaintiff cannot claim for additional time referred to by the periods mentioned in the receipts. 2. In no event can the plaintiff receive any sum in excess of the ten per cent on his earnings as fixed by his receipt and statement offered in evidence. 3. That under all the evidence in the case the verdict must be for the defendants."

The first and second assignments of error are based on the refusal of the defendants' second and third points. The third assignment is based on the portion of the charge quoted therein. The fourth assignment is: " The charge of the court was an inadequate and misleading presentation of the case and was calculated to withdraw the minds of the jurors from the real and important issues in the case."

The plaintiff's testimony that his contract was for $2.25 per day of eight hours is wholly inconsistent with the first four receipts in evidence, and they are admitted to be genuine. And each of these receipts contains the words " in full of all demands." The last two receipts are equally inconsistent with the plaintiff's testimony, because they show that he received $2.25 per day for thirty-one days in March in full of all demands. It seems to us that these receipts, in connection with the positive testimony of the defendants that the plaintiff was to receive no pay for extra hours, strongly negatives his testimony as to the contract. To say the least, the receipts were very important evidence against the plaintiff, and in our opinion the learned court failed to adequately instruct the jury as to their effect. We think the receipts and the testimony on the part of the defendants tended strongly to establish the fact that the plaintiff was not entitled to charge for extra hours' work and that the jury ought to have been so instructed: Daly, Appellant, v. Dallmeyer, 20 Pa. Superior Ct. 366; Crawford v. Forest Oil Co., 189 Pa. 415. In the latter case the Supreme Court said: " The plaintiff's receipt was in full for the professional services for which he now claims additional compensation. The oral testimony of the plaintiff being absolutely opposed by the testimony of Mr. Cummings, is insufficient to warrant the jury in disregarding the receipts. There was no evidence of services rendered after the receipts were given, and,

hence, the plaintiff's claim was limited to those which were rendered before the receipts. The learned court below was entirely right in directing a verdict for the defendant." In the present case, however, there is some evidence of services not certainly covered by the receipts. But the receipts appear to cover all of the plaintiff's time and the evidence of other demands is not strong. The plaintiff's testimony is in direct conflict with that of the defendants as well as with the written receipts. They show, strongly, that he worked by the hour in January and February and received his pay by the hour and not at $2.25 per day of eight hours.

The learned counsel for the plaintiff cites : Hibbs v. Woodward, 15 W. N. C. 338, and Krauser v. McCurdy, 174 Pa. 174, but these cases rest on exceptional facts and we do not think they rule the present case. The facts are not similiar.

The learned counsel for the defendants, in support of his fourth assignment, also cites Webb v. Lees et al., 149 Pa. 13 ; Reber v. Schitler, 141 Pa. 640 and Peirson v. Duncan et al., 162 Pa. 187.

An examination of these cases forces us to the conclusion that the charge of the court was inadequate and that the third and fourth assignments must be sustained. If it were not for the claim of ten per cent, based upon the report of the mine commission, and the possibility that there may be wages due the plaintiff for November and December, 1902, and for extra hours' work, we would reverse this case without a venire, but, inasmuch as the receipts do not conclusively show that those items were paid, we are of the opinion that they raise questions for a jury. But on these questions, the receipts, and especially the last one, bear strongly against the plaintiff's theory. The last receipt was given about two weeks after the report of the commission and it is in full of all demands to April 1, 1903.

The third and fourth assignments are sustained and the judgment is reversed with a venire facias de novo.