## Szok *v.* Crown, Appellant.

*Accord and satisfaction—Payment—Attorney at law.*

Where an attorney at law collects a claim for a client, and there is no dispute as to the amount collected, but the attorney arbitrarily fixes the amount of his fee, and gives a check to his client, which recites payment in full, the client may accept and use the check as payment on account, and sue for the balance which he claims that the attorney wrongfully withholds from him.

Argued April 9, 1907. Appeal, No. 19, April T., 1907, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1900, No. 1,114, on verdict for plaintiff in case of John Szok v. Joseph Crown. Before Rice, P. J., HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Assumpsit against an attorney at law for a balance collected.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in refusing binding instructions for defendant.

*L. C. Barton*, for appellant, cited : Washington Nat. Gas Co. v. Johnson, 123 Pa. 576 ; Flynn v. Hurlock,' 194 Pa. 462 ; Crawford v. Oil Co., 189 Pa. 415 ; Daly v. Dallmeyer, 20 Pa. Superior Ct. 366.

*E. J. McKenna* of *McKenna & McKenna*, for appellee, cited : Jennings v. McConnel, 17 Ill. 148 ; Batdorf v. Albert, 59 Pa. 59 ; Russell v. First Presbyterian Church, 65 Pa. 9 ; Tucker v. Murray, 2 Pa. Dist. Rep. 497 ; People v. Supervisors of Cortland County, 40 How. (N. Y.) 53 ; Norman Lumber Co. v. Furniture Co., 6 North. 68 ; St. L., etc., Ry. Co. v. Davis, 35 Kas. 464 (11 Pac. Repr. 421) ; Brockley v. Brockley, 122 Pa. 1 ; Laird v. Campbell, 92 Pa. 470 ; Com. v. Cummins, 155 Pa. 30.

OPINION BY MORRISON, J., May 13, 1907 :

In the spring of 1898 the plaintiff made a contract with the defendant, an attorney at law, to collect a claim of something over $1,000 against the Pulaski Building and Loan Association. It is conceded that the defendant undertook to collect the claim and pay over to the plaintiff the sum of $950, retaining for his services the amount he should recover in excess of that sum. The plaintiff, however, averred and testified that the defendant was to pay him $1,000 and retain the excess. This, however, is not the material dispute in the case and it is not contended that this question was not fairly submitted to the jury.

The defendant succeeded in collecting something over $1,000 and on May 5, 1899, made his check in favor of the plaintiff for the sum of $806.26, inserting in the check the words " in full judgment No. 675, March Term, 1898, Pulaski B. & L. Association, per statement." The plaintiff took the check and the amount of it was paid to him by the bank. After this the plaintiff went to the defendant and induced him to pay a $10.00 retaining fee which he had given the defendant before the commencement of the suit. At a still later period, the plaintiff demanded the difference between the check above

referred to, and $1,000. The defendant refused to comply with this request and the present suit was begun.

At the trial the defendant admitted that he agreed to collect the claim and pay the plaintiff $950, but in justification of his paying only $806.26, he set up a second contract, averring that the plaintiff agreed to allow him to deduct from the collection a reasonable fee. This agreement was strongly denied by the plaintiff and he was corroborated to some extent by other testimony. It is to be noted that there was no dispute as to the amount of money the defendant collected on the plaintiff's claim, nor was there any dispute as to the amount paid to the plaintiff, nor as to the original contract that the defendant would collect the claim and pay the plaintiff at least $950 ; the plaintiff claimed this sum was fixed at $1,000, and it is evident that the jury found with him on this question. What, then, is the real dispute ? It is whether or not there was a second contract that the defendant should be allowed to retain a reasonable sum for his services. It is quite clear that the jury found there was no such second contract. We are unable to see how the case could have been properly tried without submitting to the jury, under the evidence, what the real contract was. An examination of the testimony and the charge of the learned court convinces us that this question was fairly and impartially submitted to the jury.

That body having found that the defendant had had in his hands $1,000 of the plaintiff's money, in addition to the $10.00 retaining fee, and that he had only paid $806.26 to the plaintiff, found a verdict in favor of the plaintiff for the difference, with interest, and the learned court refused to enter judgment in favor of the defendant non obstante veredicto, and entered judgment on the verdict. Upon this state of facts we are not convinced that the learned court erred in submitting the disputed questions to the jury and in refusing judgment for the defendant non obstante veredicto, and entering judgment on the verdict.

If we understand the argument of the learned counsel for the defendant, he contends that the check of May 5, 1899, when accepted and used by the plaintiff, amounted to accord and satisfaction and that, therefore, the plaintiff was estopped from suing to recover the difference between the amount of the check

and $1,000.   If this had been an ordinary dispute between the parties as to the amount owed by the defendant to the plaintiff, and they had met, and, after going over their respective claims, had compromised and agreed upon a settlement by the payment of $806.26 by the defendant, undoubtedly such settlement and payment would have amounted to accord and satisfaction.   But there never was any dispute that the defendant had in his hands $950 or $1,000 of the plaintiff's money, unless he was entitled to deduct reasonable attorney's fees therefrom, and his right to do so depended upon the contract above referred to, and the jury found that he had no such right; the parties did not meet and agree to the deduction of fees from the $1,000.   The defendant undertook to fix the amount of his fees and to hold the plaintiff to accord and satisfaction by writing in the check " in full," etc.   Upon the facts of this case, it being between attorney and client, we hold that the plaintiff could accept and use the check and sue for the balance alleged to have been in defendant's hands.

The appellant's counsel cites Washington Nat. Gas Co. v. Johnson, 123 Pa. 576, to support the proposition that, " If, pending the adjustment of a disputed liability, the debtor transmit money to his creditor as payment in full of the demand, the creditor may not receive and retain the money as a credit upon a larger sum claimed by him without discharging the debtor as to the whole."   That was said in a case where there was a real dispute between the parties as to the liability of the defendant and to what amount.   In the present case there was no dispute as to the amount of the plaintiff's money in the hands of the defendant, and the jury has found that the plaintiff never compromised by accepting a less amount than his claim.   He simply used the check for so much on account. We think the present case can be distinguished from Gas Co. v. Johnson.

Flynn v. Hurlock, 194 Pa. 462, is also cited, but that was a case where the defendants denied their liability, and there was finally a payment of an amount and the plaintiff receipted by the words, " Received payment in full of all demands," and the defendant offered to pay on the express ground that the plaintiff would sign the receipt.   We do not think that case controls our question.

Crawford v. Oil Co., 189 Pa. 415, is cited, but we do not think it controls the present question. The Supreme Court said (p. 419) : " The plaintiff's receipt was in full for the professional services for which he now claims additional compensation. The oral testimony of the plaintiff being absolutely opposed by the testimony of Mr. Cummins is insufficient to warrant the jury in disregarding the receipt." That was a case where the attorney had receipted in full for his services, and he did not have sufficient evidence to overcome the weight of the receipt and the testimony of a living witness, and, therefore, he could not recover. We have also examined Daly v. Dallmeyer, 20 Pa. Superior Ct. 366, cited by appellant, but do not think it rules the present case against the plaintiff.

Perhaps no principle of law is better settled than that the payment of a part of an ascertained, overdue and undisputed debt, although accepted in full satisfaction, and a receipt in full is given, does not estop the creditor from recovering the balance : Brockley v. Brockley, 122 Pa. 1 ; Martin v. Frantz, 127 Pa. 389 ; Com. v. Cummins, 155 Pa. 30.

Upon the facts of the present case we are not willing to hold that the plaintiff was required to return the $806.26 before he could compel the defendant to pay the remaining $193.74 belonging to the plaintiff. The sum paid by the check was confessedly the plaintiff's own money, and the defendant could not get title to the $193.74 by arbitrarily fixing his own fees and writing in the check for the $806.26 " in full," etc. : Mowry v. National Protective Society, 27 Pa. Superior Ct. 390. It must be conceded that the defendant did not receive adequate compensation for his services, but the jury has found that he received compensation in accordance with his contract with the plaintiff.

We find no reversible error raised by the assignments and they are all dismissed, and the judgment is affirmed.