# Osbourn *v.* Magee Carpet Company, Appellant.

*Contract—Oral contract—Evidence—Case for jury—Master and servant—Accord and satisfaction.*

In an action to recover a balance alleged to be due on an oral contract of employment where the evidence is conflicting as to the terms of the contract, the plaintiff claiming that he had performed all of the services stipulated for the amount agreed upon, and the defendant claiming that further services were to be rendered, binding instructions cannot be given for defendant, inasmuch as the terms of the contract must be determined by the jury so as to establish what services the plaintiff was bound to render before the admitted contract price became due and payable.

In such a case where the admitted contract price was $500, and it appears that after the plaintiff had performed all of the services required of him under his interpretation of the contract, the defendant sent him a check for $100 with a letter and a statement on the face of the check that it was payment in full for services rendered, and the plaintiff retains and uses the check after having changed the written statement on it so as to read that it was for services on account, and also repudiates in a letter defendant's statement, the acceptance of the check cannot be considered as an accord and satisfaction and preclude the plaintiff from suing for the balance which he claimed.

Argued March 5, 1917. Appeal, No. 16, March T., 1917, by defendant, from judgment of C. P. Columbia Co., May T., 1915, No. 40, on verdict for plaintiff in case of Millard P. Osbourn v. Magee Carpet Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for a balance alleged to be due under an oral contract of employment. Before EVANS, P. J.

At the trial the plaintiff testified that he was a consulting engineer and that he had by a parol contract agreed to make an investigation and examination of the plant of the defendant, and to make a report as to the propriety of certain installations therein. For this he

was to receive $500. He further testified that for further services, such as preparing plans and specifications for the carrying out of his suggestions, he was to receive additional compensation. The defendant claimed that the plaintiff was not only to investigate and report, but also to furnish plans and specifications, and that he had failed to do the latter. After plaintiff had made his report the defendant sent him a check for $100, the circumstances of which payment are detailed in the opinion of the Superior Court.

The defendant presented the following points:

3. The plaintiff having received from the defendant its check for $100, dated November 25, 1914, marked as per letter and statement of even date, together with the letter and statement so referred to, and the letter and statement, so referred to by the check, having recited the conditions and terms upon which said check was tendered, the plaintiff was bound by the conditions and terms of the tender so made, and could not accept and use the check except upon the conditions and terms subject to which it was so tendered; and therefore, the plaintiff having accepted and used the said check, the verdict of the jury should be for the defendant.

Answer: Refused. (1)

4. The plaintiff having received from the defendant its check for $100 dated Nov. 25, 1914, subject to the conditions and terms of the letter and statement accompanying said check and referred to by said check, and having accepted and used the check so received, is bound by the conditions and terms under which said check was tendered to him; and the plaintiff not having complied with the conditions and terms so stated and referred to in the said letter and statement, the verdict of the jury should be for the defendant.

Answer: Refused. (2)

5. Under all the evidence the verdict of the jury should be for the defendant.

Answer: Refused. (3)

The court charged in part as follows:

["There is perhaps but one main question in this case. Did the undertaking between the parties provide that the plaintiff should prepare plans and specifications as claimed by the defendant, or was the undertaking to make investigational work without plans and specifications.

"If you find from the evidence that the plaintiff's contention is the correct one, viz: that he was not to prepare plans and specifications, but only to make investigational work, then and in that event you would be warranted in returning a verdict in favor of the plaintiff for the full amount claimed, viz: Four hundred ($400) dollars with interest thereon at six per cent., from the first day of December, 1914. But on the other hand if you should find from the evidence that the defendant's contention or theory is correct, viz: that the plaintiff was to prepare plans and specifications for the electrical plant, in that event, if you so find, you would be warranted in returning a verdict in favor of the defendant"]   (5)

Verdict and judgment for plaintiff for $429.06. Defendant appealed.

*Errors assigned,* among others, were (1, 2, 3, 5) above instructions quoting them.

*G. M. Tustin,* for appellant, cited: Christman v. Martin, 7 Pa. Superior Ct. 568; Washington N. Gas Co. v. Johnson, 123 Pa. 576; MacDonald v. Piper, 193 Pa. 312; Rhoades' Est., 189 Pa. 460; Flynn v. Hurlock, 194 Pa. 462; Daly v. Dallmeyer, 20 Pa. Superior Ct. 366; Crawford v. Forest Oil Co., 189 Pa. 415.

*R. S. Hemingway,* with him *Fred Ikeler,* for appellee, cited: Szok v. Crown, 33 Pa. Superior Ct. 612; Mowry v. Nat. Protective Society, 27 Pa. Superior Ct. 396; Societe, Etc., v. Loeb L. & Co., 239 Pa. 264; Martin v.

Frantz, 127 Pa. 389; Philadelphia, Etc., R. R. Co. v. Walker, 45 Pa. Superior Ct. 527; Alfred M. Slocum Co. v. St. Clair, 52 Pa. Superior Ct. 101.

OPINION BY HEAD, J., July 13, 1917:

A study of the material facts of the case at bar, as detailed in the evidence and established by the verdict, leads to the conclusion it is practically ruled by Szok v. Crown, 33 Pa. Superior Ct. 612. It readily distinguishes itself from Bernstein v. Hirsch, 33 Pa. Superior Ct. 87, and our more recent case of United States Casualty Co. v. Charles E. Mather in which an opinion has this day been handed down.

The pleadings disclose that the real contest between the parties was the extent and character of the work to be performed by the plaintiff. There is no dispute that an oral contract between them was entered into. It required the performance by the plaintiff of certain professional work of the kind done by one who in these modern days is called "an efficiency engineer." There is no dispute between the parties as to the amount of money he was to be paid on the completion of what he had undertaken to do. The plaintiff claimed he was to make a thorough examination of the plant of the defendant company, a study of its manufacturing facilities. He was to determine in what respects, if any, there was lack of economy in the operation of the plant, and he was to make a report of his work with such recommendations as to methods of improvement as might be suggested by his professional skill and experience. His contention is that with the performance of the duties we have mentioned, his right to the agreed-on price, to wit, $500, was complete. He further testifies that it then remained open to the defendant company to determine for itself whether or not it would make the suggested improvements. If his report was adopted and the improvements determined upon, then, as he contends, for a further consideration to be fixed by a percentage of the cost of the improvements,

he was to furnish all necessary plans and specifications and supervise the construction. The defendants, per contra, testified the plaintiff was to do not only all of the things mentioned in his testimony, but that he was further to furnish plans and specifications for the suggested improvements and all of this for the price agreed on, to wit, $500.

It is clear therefore the parties were at issue on a question of fact and that issue could be resolved in no other way than by a submission of it to the jury. The learned trial judge so submitted it in what we regard as an impartial charge and the jury found for the plaintiff. This verdict established that plaintiff had performed everything to be by him done and performed, and as a consequence there was due to him the contract-price agreed upon less the payment to which we shall now briefly refer.

On the 26th of November the defendant wrote a letter to the plaintiff beginning in this way: "Inclosed find ck. for $100 on account and paid in accordance with this letter. Sorry to have delayed this, &c." The letter then goes on at considerable length to describe the financial difficulties of the defendant at that time and then proceeds to state that plaintiff had failed to furnish plans and specifications for certain electric generators, etc., which, under the terms of their oral agreement, he was obliged to furnish. A check for the sum named was enclosed and the check contained this statement, "As per letter and statement of even date. No receipt required. If not correct, return without alterations." Upon the receipt of this check, the plaintiff with a pen struck out the expression "as per letter and statement of even date" and inserted in its stead the following, "For eng. serv. on acct." At the same time he mailed a letter to the defendant company repudiating their statement of the contract and declining to be bound by what had been written on the check which he advised the company he had altered.

Two things destructive of the defendant's theory of an accord and satisfaction are at once apparent. The defendant clearly acknowledged that it owed at least the sum of $100. The payment of that and its acceptance by the plaintiff could not debar him from bringing an action for the balance of the debt due if any such balance existed. Consequently, under the disputed facts, no logical conclusion could be drawn by the court, as a matter of law, that the minds of the parties were in accord on the proposition that the receipt of $100, admittedly due and owing, must be accepted in satisfaction of the balance of the claim.

It is quite clear to us therefore that the learned trial judge could not with propriety have directed a verdict in favor of the defendant for the manifest reason that without such verdict it was impossible to determine what services the plaintiff was bound to render before the admitted contract-price became due and payable. In Szok v. Crown, supra, our Brother MORRISON used this language, inter alia: "What, then, is the real dispute? It is whether or not there was a second contract that the defendant should be allowed to retain a reasonable sum for his services. It is quite clear that the jury found there was no such second contract. We are unable to see how the case could have been properly tried without submitting to the jury, under the evidence, what the real contract was."

The assignments of error are overruled.

Judgment affirmed.