## W. G. Crawford, Appellant, *v.* the Forest Oil Company.

189      415
f 20 SC  369
189      415
f 31 SC    7
189      415
d 33 SC  616

*Evidence—Receipts—Written instrument.*

Where a receipt in full is set up as a defense in an action for professional services, and it appears that no services were rendered after the date of the receipt, and the plaintiff's testimony that when the receipt was given it was agreed that it should not have the effect of a receipt in full, but that he should receive additional compensation, is directly contradicted by the testimony of defendant's agent, the receipt is conclusive against the plaintiff's right to recover.

Argued Nov. 7, 1898. Appeal, No. 142, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1897, No. 595, on verdict for defendant. Before GREEN, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for professional services.

The facts appear by the charge of the court below, which was as follows:

This is an action brought by Mr. W. G. Crawford to recover counsel fees, alleged to be due him from the Forest Oil Company. It appears that an action was brought by one Paine, in the United States Circuit Court, to recover from them oil land of very considerable value, situated in this county. It appears

that Mr. Crawford, the plaintiff in this case, had formerly been interested as counsel in suits which a Mr. Allen had brought concerning these same leases which Mr. Paine was claiming, and that either before or after the actual bringing of this suit of ejectment, Mr. Cummins, as attorney for the Forest Oil Company, went to see Mr. Crawford, to see what he knew or could do for them about these Paine leases, having heard, as it appears, that he had information in regard to the Paine leases. Mr. Crawford tells you that he told them there was a paper in existence, and that his client Allen had it, which would show that Paine had assigned to Allen all his interest in these leases, and if that were true and that paper could be procured, it would undoubtedly be of great value to the Forest Oil Company in the defense of the ejectment in this court. He also tells you that he suggested to them that these leases, being very old, had been abandoned, and that Paine had never done anything to carry them along, and that they were void for that reason. Mr. Crawford also tells you that he told them the other side had been talking to him, and had offered to give him a contingent fee, but that he, knowing that the other side had not a good case, would not accept anything of that sort, and he was ready to go in with them. He says that he told Mr. Cummins, that he would want $5,000 at all events, and he would want $5,000 more if they were successful, and, as I recollect his testimony, he said Mr. Cummins told him that the Standard, or Forest Oil Company, were always liberal in paying fees, and he need not be afraid about his fee. He does not say, I believe, that they promised to give him $5,000. Then, it appears that Mr. Crawford did do certain things for the Forest Oil Company in and about this suit. As to the matter of abandonment, that, it seems to me, is a thing which must have been known, and as was testified by Mr. McCook, was known to the defendants just as well as it could be to the plaintiff. Mr. Crawford had no monopoly of knowledge on that point, nor could he have; but as to this assignment or release, supposed to have been made by Paine to Allen, he might be of great service to the company in procuring or finding that release and keeping his client in line, and having that produced in evidence. It appears that the Forest Oil Company paid Mr. Crawford some money from time to time, and you will recollect that Mr. Cummins de-

nies that he even asked $5,000, or any particular sum of money. The matter went on in that way until May 22. In the mean time, the bill in equity, in aid of this proceeding, had been filed, or was procured to be filed, in which it was expected by the Forest Oil Company that they would be able to prove by this man Allen and others that Mr. Paine had no interest in the lease, or held it in trust for them, or something of that kind; and it is claimed, and appears to be uncontradicted, that the evidence which was intended to be procured, was all gotten in the equity proceedings, and put in writing. [Then, after that equity proceeding, on May 22, 1886, Mr. Crawford executed this receipt, "Balance in full for professional services in the case of Paine vs. Whitesell and others, and Whitesell and others vs. Paine, in the United States Circuit Court, $250," and he receipted for the $250 in full of that account. Now that receipt, of course, is not conclusive, because people may make receipts by mistake, or may be cheated into making them, or receipts may be given for various reasons, but I do not understand that in this case there was any allegation of fraud, accident or mistake in making the receipt. It is alleged by Mr. Crawford that he objected to taking the money and giving a receipt of this kind, because, he said that was not the bargain and he was to have more money, etc., and that Mr. Cummins assured him that that would have no such effect, and that on the strength of these representations and those statements by Mr. Cummins, he signed the receipt. Now, that is denied by Mr. Cummins, and we have no other testimony in regard to it.

Now, I am constrained to say to you here, gentlemen, as we have only the oath of the one side against the other, that that is not sufficient to do away with the effect of the paper. You can well see that it would never do to have a rule which would allow papers to be set aside lightly, and without clear and satisfactory and convincing evidence, and as I understand it, when one man says one thing and the other says another, and there is no evidence to the contrary, no evidence corroborating either of them, that is not sufficient to set aside the writing: I therefore say to you that up to that time this receipt is in full for professional services in these cases, and is not sufficiently explained by the oath of the plaintiff, contradicted by the oath of Mr. Cummins.] [2]

The only remaining question is whether there were services rendered after that time.    Now, I do not remember very clearly, but it is my recollection that Mr. Crawford said he did not render any services after that time, and I think he could not recover after that time, if this receipt is to be taken as standing, without showing an employment, and the fact of his going to the courthouse when the cases were on trial would not be sufficient.    It does not appear that he sat at the counsel table or took part in the case, but if he was employed, gentlemen, and was not discharged or paid off in any way, he would have a right to go there and be paid, even if he was not consulted, but as I am constrained to hold this receipt to be payment in full up to this time and as in full for professional services in this case, I did not see how Mr. Crawford could claim pay from the Forest Oil Company unless he was afterwards employed by them, nor I do not understand him to say that he was.    He said they brought him a copy of the court's decree in this bill in equity, which had been against the Forest Oil Company, and that Mr. Cummins spoke to him once or twice after that about the case, and that he was there when the case was tried; yet, all this could be consistent with the conduct of a man who had been paid off.    There was no evidence which I can recollect showing that he was employed again [and I am constrained to say to you, gentlemen, although I do it reluctantly, that you have to find a verdict for the defendant. ]  [1]

Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*N. W. Shaffer*, with him *Ulysses S. Vogan*, for appellant.— A receipt does not rise to the dignity of a written instrument, and does not come under the rule as to written instruments: Wharton on Evidence, sec. 1064; Pa. Ins. Co. v. Smith, 3 Wharton, 520; Dutton v. Tilden, 13 Pa. 46; Gue v. Kline, 13 Pa. 60; Batdorf v. Albert, 59 Pa. 59; Russell v. Church, 65 Pa. 9; Hamsher v. Kline, 57 Pa. 397; Harris v. Hay, 111 Pa. 562.

*R. W. Cummins*, and *J. McF. Carpenter*, for appellee, were not heard, but cited in their printed brief, Harris v. Hay, 111 Pa. 562.

PER CURIAM, January 3, 1899:

The plaintiff's receipt was in full for the professional services for which he now claims additional compensation. The oral testimony of the plaintiff being absolutely opposed by the testimony of Mr. Cummins is insufficient to warrant the jury in disregarding the receipt. There was no evidence of services rendered after the receipt was given, and hence the plaintiff's claim was limited to those which were rendered before the receipt. The learned court below was entirely right in directing a verdict for the defendant.

Judgment affirmed.