L. MacDonald to use of Patrick Leahey, Appellant, v. W. H. Piper and John Lewars, trading as W. H. Piper & Company.

*Evidence—Receipt in full—Burden of proof.*

A receipt in full is prima facie evidence of settlement, and cannot be set aside except for weighty reasons, such as fraud, accident or mistake, which must be made to appear distinctly; if the evidence is evenly balanced the receipt must control.

Argued Oct. 10, 1899. Appeal, No. 164, Oct. T., 1899, by plaintiff, from judgment of C. P. Cambria Co., Dec. T., 1898, No. 330, on verdict for defendants. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit for services. Before BARKER, P. J.

The facts appear by the charge of the court, which was as follows:

The plaintiff in this case seeks to recover from the defendants a balance of some $1,500—I believe that includes interest—which he alleges to be due him for services rendered while working for them as a civil and mining engineer. You have learned that he was employed by these defendants for quite a number of years, dating from 1882 to 1894, or thereabouts, at the same time that he was working for other mining companies. He alleges that a portion of his services during those years remains unpaid for, and he has offered in evidence a statement of his account showing the balance claimed. The defendants answer and say that his claim was paid in full, that they had what amounted to a settlement in January, 1893, and that at that time everything that they owed him was paid. As evidence of that settlement they produce a bill made out by him, in his handwriting, reading as follows:

W. H. Piper & Co., to L. MacDonald, Dr.

| | |
|---|---:|
| For engineering for slope and surveying lines in 1891 and 1892, . . . . . . . . | $275 |
| For mine work in 1891 and 1892, and being in full for all work to January 1, 1893, . . . | 600 |
| Total, . . . . . . . . | $875 |

And then they produce a check, showing the payment of that claim. They had previously paid him $10.00 on January 1, 1892, and on October 24, 1892, $250, which, you will have discovered, was not credited to him on this bill. And then on February 13, 1893, which was two or three weeks after the date of this bill, they gave him a check for $615, and they say that this bill, which was rendered by him to them, stating that it is in full for all work to January 1, 1893, accompanied by his receipt on a separate statement for the same amounts to a settlement, and is in law a sufficient defense. These papers, taken together, furnish prima facie evidence of a settlement for all services to January 1, 1893.

When a receipt is given in full for all demands to a certain date, the law considers it a settlement in full up to that time.

It gives rise to the presumption that on that day the parties made a settlement of their accounts, and that the balance was paid in full. While that is prima facie evidence of settlement, it is susceptible of explanation, and while the law of this state seems to have been well settled, up until a very recent date, that when a receipt in full is relied upon by one party as showing that the claim set up by another has been paid and satisfied, it may be explained that he has not included a certain claim or the whole of it, that is to say, it is but prima facie evidence of a settlement, and that it is open to explanation by the party who has given it, and when sufficient explanation be given, showing that it was not a receipt in full, then it would be overcome, the only exception being where the explanation showed that the receipt was given in payment of a disputed claim, upon an actual settlement of mutual accounts or unliquidated damages. Then the receipt is conclusive, and can only be overcome by evidence of fraud, accident or mistake. [But by a recent decision of the Supreme Court the law seems to have been somewhat modified, and the rule as to the amount of evidence required to set aside a receipt in full seems to have changed so as to place more of a burden on the person attacking it than heretofore,] [1] and we will read that to you, because it is in the exact language of the Supreme Court, as announced within the last two or three months : " Of course it must be assumed that the receipt was given for some purpose, and that it was not a mere meaningless paper. As Frederick Rhoads is dead and Oliver S. Rhoads is incompetent as a witness, and no one was examined who was present when the receipt was given, we must ascertain the legal effect of such a paper when given in evidence without explanatory testimony as to what took place when it was executed and delivered. Even receipts in full are not conclusive and are open to explanation, but where there is no explanatory testimony they have a defined legal meaning." *

If there was no explanatory testimony in this case and we had nothing but the plaintiff's bill and the receipt to testify, the legal meaning of that receipt would be that they had a settlement, and the balance was paid in full. Then the opin-

---

* Rhoads's Estate, 189 Pa. 460.

ion quotes another case, which quotation I will read: "A receipt in full was produced in evidence which receipt was disregarded by the referee without any satisfactory finding of either law or fact in regard to it. While a receipt of this kind is not conclusive, yet it is always prima facie evidence of a settlement, and should only be set aside for weighty reasons, especially after a lapse of years, and the reasons should be fully and clearly stated. Fraud, accident or mistake would be sufficient to avoid such an instrument, but in such case the cause of avoidance should clearly appear. We have thus a clear and well-defined expression as to the legal effect of such an instrument, and it is authoritatively ruled that it cannot be set aside except for weighty reasons, such as fraud, accident or mistake, and such causes for disregarding them must be made to appear distinctly. Such receipts then are placed in the same category as other written instruments which are made depositories of the solemn agreements of contracting parties." *

Now, the explanation of the circumstances by means of which the plaintiff undertakes to overcome the receipt are these: that in October, 1892, a fire destroyed his office and his books of account; that he was employed as a mining engineer for a number of miners, persons wanting to ship coal, and, as he expressed it on the witness stand, he was overwhelmed with business in protecting their interests, and this was rendered difficult by reason of the fact that his papers relating to these mines had been destroyed; and that when the demand came to him, as evidenced by the letter which you will have out with you, that he should render a statement of his account, the letter of January 12, 1893, in which the defendants say to him that they respectfully request him to approximate in some manner the amount that they may owe him, which amount shall be a final settlement of the account, that he made out this bill which is said to be in full, without having the data from which to make it out, except, as he says, data was furnished to him by them and which is evidenced, he says, by the statement attached to his bill.

They deny that this was rendered him before he made this bill out. Mr. Piper testified that it was rendered afterwards,

---

* Harris v. Hay, 111 Pa. 565.

and therefore they say it did not furnish to him the data to make out his bill. That would be an important part of his case, of course, that he made out the bill from data furnished by them. He says that was their figuring, and that he did not include the items he is claiming for here. That would be a question for the jury in this case. He says that he made out this bill, and he says that he overlooked a number of items to which his attention was not called, because of his want of recollection. Now, it will be conceded at once that if I give you a receipt in full of my account and I claim afterwards that I omitted some items of that account, and there is no explanation of the circumstances, it would be very dangerous to permit a recovery in a case of that kind; and it probably would not be permitted where, simply from want of recollection, or from carelessness, or through some neglect, a receipt in full would be given, or by mere neglect items would be left out; but in this case it is alleged here is an explanation and a reason why these items were omitted.

Now, the defendants say that, not only do they produce the receipt which is prima facie evidence of a settlement, but that they have produced other evidence in the case which, taken with the bill and receipt, is conclusive of a settlement, and that no sufficient proof is adduced by the plaintiff to overcome the conclusiveness of a settlement. They claim that they demanded and he rendered them an account, and that they paid it and he gave them a receipt in full; that a year afterwards he rendered them an account for the year 1893, and I believe he signed the receipt of January 9, 1894; he signed a receipt for check 36854 in full of the account up to January 1, 1894; that subsequently, while he was in their employ, he rendered them no less than fifteen different statements of his account from time to time, which they paid, and no claim was then set up by him for any services rendered prior to the date of this check; and that that should be sufficient, taken in connection with the receipt itself, to satisfy this jury that was a settlement in full. And this is very strong evidence for you to consider. You have heard the arguments of counsel, and you will consider the improbability of any account lying back all these years that was not settled at the time of this settlement and the rendering of these statements, and he obtaining checks from them in the mean time.

You have heard, on the other side, the arguments of the counsel for the plaintiff as to the reasons for that ; that he was busily engaged gathering up the data from the sources he has mentioned, by which he could make out this account.

[Now, we say, as to the measure of proof required in this case more than in all others, that this receipt which is prima facie evidence of settlement should only be set aside for weighty reasons.] [2]   As the plaintiff said to you that these items were omitted from his account by mistake, and that that mistake was induced by the fact that he was unable at the time to obtain the data upon which to make out the account, including those items ; but whatever are the reasons, has he given you sufficient reasons for his allegation that he could not put them in the account?   It is no evidence in this case of a mistake that his claim was, or is alleged to have been, larger than the amount of the payment by which it was settled.   That does not amount to an explanation of the reason why it was not included.

Defendants' points and the answers thereto among others were as follows :

1.  Where a receipt in full is set up as a defense in an action for professional services, and all the services claimed for were prior to the date of the receipt in full, and where the conclusiveness of the receipt is affirmed by the defendant and denied by the plaintiff, and neither party is corroborated by any evidence, the receipt is conclusive against the plaintiff's right to recover.   *Answer :*  That point is affirmed, but it is done under the facts of the particular case illustrating the principle we have already stated to you, and that is this : If I give you a receipt in full of all demands to date and either of us comes into court and says that it is not a receipt in full, that at the time we made that receipt we agreed it should not be in full, then I assert one thing, that it was to be in full, and you assert that it was not, then of course the evidence is evenly balanced and the receipt must control, and it cannot be set aside. [3]

2.  Where a receipt in full is offered it is prima facie evidence of settlement and cannot be set aside except for weighty reasons, such as fraud, accident or mistake; and such causes for disregarding it must be made to appear distinctly.   *Answer :*  That point is affirmed, as we have already instructed you. [4]

3.  The state of the party's finances at the time he gave the

receipt in full is not material as to the imposition or fraud practiced in procuring the receipt. *Answer :* That point is affirmed. [5]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* among others were (1–5) above instructions, quoting them.

*Wm. H. Sechler,* for appellant.—The court below erred in its instructions as to the weight of proof: Gue v. Kline, 13 Pa. 64; Batdorf v. Albert, 59 Pa. 59; Jones v. Patterson, 1 W. & S. 321; Young v. Edwards, 72 Pa. 257; Boyertown Nat. Bank v. Hartman, 147 Pa. 562.

*M. D. Kittell* and *P. J. Little,* for appellees, were not heard, but cited in their printed brief: Van Voorhis v. Rea Brothers & Co., 153 Pa. 19; Phillips v. Meily, 106 Pa. 536; Danziger v. Hoyt, 120 N. Y. 190; Ryan v. Ward, 48 N. Y. 204; Rhoads's Est., 189 Pa. 460; Hamsher v. Kline, 57 Pa. 397; Harris v. Hay, 111 Pa. 562; Crawford v. Forest Oil Co., 189 Pa. 415; Keim v. Kaufman, 15 Pa. C. C. R. 539; Chapman v. R. R. Co., 7 Phila. 204.

PER CURIAM, October 30, 1899 :

This action of assumpsit was brought to recover a balance alleged to be due by the defendants for plaintiff's services as civil and mining engineer and for other services and work performed and done by him for defendants at their request, etc., and amounting to $1,599.13 as set forth in his statement of claim.

In substance, the defense was settlement and payment in full. Evidence tending to sustain their respective contentions was introduced by each of the parties. The defendants among other things gave in evidence a receipted bill, the last lumping item of which is, "For mine work in 1891 and 1892, being in full for all work to January 1st, 1893."

Without referring in detail to the several items of claim and defense, which would consume considerable time to no useful purpose, it is sufficient to say that the case involved questions of fact which were clearly for the exclusive consideration of the

jury.   Those questions were accordingly submitted to them by the learned trial judge in a fair, impartial and comprehensive charge, containing instructions which appear to be adequate and free from substantial error.   Considered as a whole, we find no error in the charge of which the plaintiff has any just reason to complain.   The instructions as to the effect that should be given to a receipt in full, such as that above quoted, are substantially accurate.   There appears to be nothing in the record that would justify us in sustaining any of the specifications of error.   They are all dismissed and the judgment is affirmed.