## Cooper, Appellant, *v.* Cooper.

*Promissory notes—Payment—Receipt in full—Case for jury—Evidence.*

In an action on a promissory note for one thousand dollars by the payee against the executrix of the maker, the case is for the jury, where it appears that payments of interest were regularly endorsed upon the note prior to the death of the maker, that on the date of the last endorsement the payee gave to the maker a

receipt for two hundred and twenty dollars "in full" without making reference to the note, or stating that the receipt was in full of all demands, and there is some evidence of other indebtedness between the maker and the payee.

Argued March 4, 1915. Appeal, No. 25, March T., 1915, by plaintiff, from judgment of C. P. Montour Co., Jan. T., 1913, No. 10, for defendant n. o. v. in case of Henry Cooper v. Ida R. Cooper, Executrix of William V. Cooper, deceased. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Reversed.

Assumpsit on a promissory note. Before EVANS, P. J. The note in suit was as follows:

$1,000.00.                                    April 1, 1908.

One year after date I promise to pay to the order of Henry Cooper one thousand dollars without defalcation, for value received, with interest at 4 per cent. per annum and further I do hereby authorize and empower any attorney of any court of record of Pennsylvania or elsewhere to appear for and to enter judgment against me for the above sum, with or without declaration, with cost of suit, release of errors and without stay of execution until date of payment aforesaid and with 10 per cent. added for collection fees; and I also waive right of inquisition on any real estate that may be levied upon to collect this note, and do hereby voluntarily condemn the same and authorize the prothonotary to enter upon the fi fa my said voluntary condemnation and I further agree that said estate may be sold on a fi fa and I hereby waive and release of relief from any and all appraisement, or exemption laws of any state now in force or hereafter to be passed.

(Signed W. V. Cooper (L. S.)

On back of which note appears:

April 1, 1909. Rec'd $40.00 interest. March 26, 1910. Rec'd $40.00 interest for 1910. April 1, 1912, $40.00 interest. April 1, 1911, $40.00 interest. Henry Cooper.

Other facts appear by the opinion of the Superior Court.

The jury returned a verdict for plaintiff for $1,162.56. Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*H. M. Hinckley,* with him *C. R. Savidge* and *Wm. Kase West,* for appellant.—The case was for the jury: Reel v. Elder, 62 Pa. 308; Dalmas v. Kemble, 215 Pa. 410; Paige v. Paige, 53 Pa. Superior Ct. 311; Strawbridge v. Hawthorne, 47 Pa. Superior Ct. 647; Batdorf v. Albert, 59 Pa. 59; Russell v. Church, 65 Pa. 9; Shoemaker v. Stiles, 102 Pa. 549; Eshelman's Est., 143 Pa. 24; Jessop v. Ivory, 172 Pa. 44; Sheaffer v. Sensenig, 182 Pa. 634; Girard F. & Marine Ins. Co. v. Canan, 195 Pa. 589; Spittal v. Allee, 55 Pa. Superior Ct. 636; MacDonald v. Piper, 193 Pa. 312.

*Edward Sayre Gearhart,* for appellee.—A receipt in full is prima facie evidence of settlement and cannot be set aside except for weighty reasons, such as fraud, accident or mistake. Which must clearly be made to appear distinctly; if the evidence is evenly balanced the receipt must control: MacDonald, to use, v. Piper, 193 Pa. 312.

OPINION BY TREXLER, J., July 21, 1915:

Henry Cooper held a note against his son, William V. Cooper, for $1,000, dated April 1, 1908. Payments of interest were endorsed on the note, the last being April 1, 1911, $40.00. William V. Cooper, the maker of the note, is dead and the payee has brought suit against his executrix. At the trial she offered in evidence, a receipt, as follows, "April 1, 1911. Received from W. V. Cooper, two hundred and twenty dollars, $220, in full (signed)

Henry Cooper." "At the trial, on the part of the plaintiff, it was claimed that the father, Henry Cooper, was making his home with his son, W. V. Cooper, at the time of the latter's death. That some of his (Henry Cooper's) private papers were kept for some considerable time prior to and up to the time of the son's death in the latter's safe. That the note in suit together with some other papers or notes belonging to Henry Cooper were found in a separate envelope in the son's safe marked across the one end or on the back thereof "Henry Cooper notes" or "Henry Cooper's notes." The above is quoted from the opinion of the lower court entering judgment for the defendant n. o. v. The reason that moved the court so to do was that the receipt was prima facie a settlement between the parties and that this prima facies was not overcome by any sufficient testimony in the case, citing: MacDonald v. Piper, 193 Pa. 312. There is no doubt that a receipt in full is prima facie evidence of settlement and requires some proof to be adduced by the party giving it to overcome the presumption. In MacDonald v. Piper, supra, it is said, "It should only be set aside for weighty reason." In this case we think there was enough to carry the matter to the jury. The receipt is not specific. It is not in full for all demands, but the words merely "in full" are used without particular reference to any subject. It certainly requires less evidence to overcome the presumption of settlement arising from such a receipt than in a case where the receipt is in full of all demands. In the case of Insurance v. Canan, 195 Pa. 590, the check was marked "in full claims against J. A. Canan." The opinion of the lower court adopted in a per curiam by the Supreme Court, states that "such a receipt would not come in the same category as solemn receipts in deeds or receipts given as in full of all accounts after a settlement between the parties, and the doctrine of Rhoad's Est., 189 Pa. 460, as to the degree of proof necessary to overcome its force, would not, I think, be applicable." The cases of Rhoad's

Est., 189 Pa. 460; MacDonald v. Piper, 193 Pa. 312; Harris v. Hay, 111 Pa. 562; Benseman v. Prudential Ins. Co., 13 Pa. Superior Ct. 363; Crawford v. Forest Oil Co., 189 Pa. 415; Hamsher v. Kline, 57 Pa. 397, were all cases where the words in the receipt were to the effect that it was in full of all demands or claims or there was specific reference in the receipt to some particular claim.

On the very day the receipt was given, there appears an endorsement of interest paid, $40.00. It might be argued that such an endorsement of interest is inconsistent with the payment of the note. Why endorse interest when the entire amount is liquidated and a receipt given therefor? Furthermore, the amount of the receipt has no relation to the amount of the debt that it is claimed was paid. The amount endorsed as interest indicated that the entire principal of the note was still due and owing. There was some reference also made at the trial to other indebtedness existing between the maker and the payee, in addition to this. The possession of the note by the payee was evidence of nonpayment. All these circumstances taken together were sufficient to take the case to the jury. It was for them to determine whether the prima facies arising from the giving of the receipt in full was thus overcome. We think the court was right in the first instance in submitting these matters to a jury and erred in entering judgment for the defendant n. o. v.

The assignments of error are sustained, the judgment entered in favor of the defendant reversed and judgment is now directed to be entered in favor of the plaintiff for the amount of the verdict with interest from the date of its rendition.