## Flaccus, Appellant, v. Wood, Exrx.

*Decedents' estates—Wages for domestic services and nursing — Presumption of payment—Rebuttal evidence—Court and jury—Receipt—Release—Legal effect—Construction — Declarations — Consideration.*

1. Wages for domestic service or nursing are presumed to be paid at stated periods, and when a claim, extending over any considerable period of time, is presented against a decedent's estate, the burden is upon the claimant to rebut the presumption by affirmative evidence. Loose declarations of the decedent whose estate is sought to be charged are not sufficient to support such a claim.

2. In an action to recover wages alleged to be due for domestic service and nursing, the question whether the evidence submitted by the claimant is sufficient to rebut the presumption of payment, is primarily for the court.

3. Although a receipt is always open to explanation it is prima facie evidence of payment and settlement and will not be set aside except for weighty reasons and by proof clear and satisfactory, especially after a lapse of years.

4. The rule of construction that words used in a release should not be construed to extend beyond the express consideration mentioned, or to operate as a release of indebtedness the parties apparently did not intend, can have no application where the very language used by the parties excludes its use.

5. In an action against the executrix of a decedent's estate to recover for personal services and nursing of decedent for a period of eighteen years, from 1890 to 1908, defendant offered in evidence a receipt dated 1906, signed by claimant and deceased, and providing, inter alia, "this being a full, and final settlement between us up to March 1, 1906, the said [deceased] on March 1, 1906, owing the said [claimant] nothing and the said [claimant] on March 1, 1906, owing to said [decedent]" a certain mortgage obligation. For the purpose of overcoming the effect of the receipt plaintiff offered evidence of declarations by decedent following the date of the receipt to the effect that plaintiff would be compensated in his will. *Held,* (1) such declarations may apply to the period succeeding the receipt as well as before, and were not necessarily inconsistent with a view that the receipt was in full settlement of all

accounts to that date, (2) the burden was on plaintiff in the first instance to overcome the presumption of payment at usual or regular intervals, (3) the receipt indicated that the parties had in mind a general settlement of all accounts, and (4) the court properly charged that there could be no recovery for services before its date.

Argued Oct. 17, 1917. Appeal, No. 174, Oct. T., 1917, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1914, No. 1946, on verdict for plaintiff in case of Kate Flaccus v. Amelia M. Wood, Executrix of Estate of William Mazet, Deceased. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit for domestic services and nursing. Before EVANS, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $1,691.50. Plaintiff appealed.

*Error assigned,* among others, was the part of the charge relating to the legal effect of the receipt of March 1, 1906.

*William Kaufman,* with him *Harry E. McWhinney,* for appellant.—The plaintiff was entitled to the benefit of every fact and inference of fact essential to her recovery: Park v. Kansas City Southern Ry. Co., 58 Pa. Superior Ct. 419.

However general the terms may be in which an agreement is conceived, it only comprehends those things in respect to which it appears that the contracting parties proposed to contract, and not others they never thought of: Case v. Cushman, 3 W. & S. 544, 546; Rapp v. Rapp, 6 Pa. 45; Lyman v. Clark, 9 Mass. 235; Codding v. Wood, 112 Pa. 371; Edelman v. Yeakel, 27 Pa. 26; McLarren v. Robertson, 20 Pa. 125; Noble v. Burke, 5 Philadelphia 526; Moore v. Maryland Casualty Co., 150 N. C. 153.

The receipt in question had no application to plaintiff's claim: Philadelphia & Reading Ry. Co. v. Johnson, 7 W.

& S. 317; East Ohio Gas Co. v. Akron, 81 Ohio 33; Shepley v. Lytle, 6 Watts 500; Cottrell's Est., 2 W. N. C. 83; 4 W. N. C. 237; Reilly v. Daley, 159 Pa. 605; N. W. National Bank of Minneapolis v. Keen & Price, 8 W. N. C. 283; Mitchell v. Mitchell, 156 N. Y. Supp. 76.

*Thos. M. Marshall, Jr.,* with him *L. B. D. Reese,* for appellee.—The receipt operated as a bar to a claim for services before its date: Grossman v. Thunder, 212 Pa. 274; Rhoads' Est., 189 Pa. 460; Laughead v. H. C. Frick Coke Co., 209 Pa. 368; Batdorf v. Albert, 59 Pa. 59; Coulston's Est., 161 Pa. 151.

OPINION BY MR. JUSTICE FRAZER, January 7, 1918:

This action against the executrix of the estate of William Mazet is to recover compensation for personal services plaintiff claims to have rendered deceased covering a period of 18 years from 1890 to 1908, consisting of nursing, the care of the person of deceased and of his clothing and room. Deceased was not, during this time, under the care of a physician and the attention required was not nursing in the ordinary sense of the word, but bandaging, bathing and dressing made necessary by the diseases with which he was afflicted. Plaintiff claimed the services were performed under a promise by deceased to compensate her by a legacy in his will and offered proof in support of her contention consisting mainly of declarations by decedent to that effect. Plaintiff referred to deceased as "grandpap" although no relationship existed between them. The trial judge submitted to the jury to ascertain whether services were rendered under an agreement as alleged, and, if so, to fix their reasonable value, limiting recovery to a period subsequent to March 1, 1906, because of a receipt offered in evidence of that date purporting to be a full and final settlement between the parties to that time. The jury found for plaintiff who now appeals, alleging the trial judge erred in holding the receipt to be a bar to the present action

in so far as the claim is for services rendered previous to its date, and contending its language does not include the subject-matter of the present claim. The single question before us is the effect to be given the paper, consequently a review of the testimony, except as it may have a bearing on the proper construction of the receipt, is needless. The paper in question is in the following words: "Pittsburgh, Pa., March 1, 1906. I, William Mazet, hereby acknowledge to have received from Mrs. Kate Flaccus the sum of eleven hundred sixty-nine and 54/100 dollars ($1,169.54) in full payment of note for $850.00/100 dated Oct. 30/1905 with all interest thereon and in full payment of mortgage for $200.00/100 dated June 22, 1897, and of record in Mortgage Book Volume 807, page 245, together with all interest thereon, and in full payment of plumber's bill of $61.42 paid by me for her and in full payment of $45.00/100 cash loaned by me to her, and in full payment of all interest upon her $1,-200.00/100 mortgage owing by her to me, up to December 14, 1905. And I, the said Kate Flaccus hereby acknowledge to have received this day from William Mazet the sum of one hundred twenty dollars ($120.00/100) in full payment for all room rent owing to me by him up to March 1, 1906, and $10.00 in full washing to Mch. 1, 1906. This being a full, and final settlement between us up to March 1/1906, the said Wm. Mazet on March 1/1906 owing the said Kate Flaccus nothing and the said Kate Flaccus on March 1/1906 owing to the said Wm. Mazet a $1,200.00/100 mortgage with interest thereon from December 14, 1905. Wm. Mazet. Kate Flaccus. 1905. Attest: W. C. Dicken."

The well settled rule applicable to claims of this nature is that payment is presumed to be made regularly at stated times, this presumption being especially strong where, as in this case, the claim is presented against the estate of a decedent a considerable time after the services were rendered: Cummiskey's Est., 224 Pa. 509. In such cases the tendency of our courts has been to require strict

proof: Hughes' Est., 176 Pa. 387; Bradshaw's Est., 243 Pa. 114; and to hold that mere evidence of loose declarations made by decedent during his lifetime is insufficient to support the claim: Winfield v. Beaver Trust Co., 229 Pa. 530. Whether the evidence submitted by plaintiff is enough to rebut the presumption of payment is primarily a question for the court: Richards v. Walp, 221 Pa. 412.

In so far as proof of the contract here involved is concerned the jury found the services were rendered and an agreement to pay existed. We refer to the above principles merely because of their application to the effect of the receipt and the right of plaintiff to recover for services rendered before its date. Although a receipt is always open to explanation (Gregory v. Huslander, 227 Pa. 607), it is prima facie evidence of payment and settlement and will not be set aside except for weighty reasons and by proof clear and satisfactory, especially after a lapse of years. Rhoads' Est., 189 Pa. 460; MacDonald v. Piper, 193 Pa. 312.

In Rhoads' Estate, supra, a father gave a receipt to his son for a specified amount "in full for all claims from him." After the father's death a promissory note signed by the son, bearing date previous to the receipt, was found among the father's effects, and while the note was for an amount larger than that stated in the receipt, and there was evidence, although contradicted, of the son having admitted the indebtedness, the evidence was held to be insufficient to overcome the presumption of payment arising from the receipt, there being evidence of declarations of the father that he intended giving the son $1,000, the amount of the note. It was there said by this court (page 464), "All of this verbal testimony is very well in its way, but it proves but little as against the legal efficacy of the receipt, and much of it confirms the theory of the appellant. But it is manifest there is no sufficient testimony to overthrow the receipt, and hence its proper legal efficacy must prevail. We are therefore

of opinion that the receipt was valid legal proof of an actual settlement of all matters between the deceased and his son, and operated to discharge the latter from any claim on this note for $1,000."

. In Crawford v. Forest Oil Co., 189 Pa. 415, an attorney gave a receipt for "balance in full for professional services." In a subsequent action by the attorney for services plaintiff testified it was agreed at the time the paper was given it should not have the effect of a receipt in full and that he should receive additional compensation. This testimony was contradicted by defendant's agent and the trial judge held that since there was merely oath against oath the evidence was insufficient to destroy the effect of the receipt and directed a verdict for defendant. The action of the court below was sustained on appeal.

In Benseman v. Prudential Ins. Co., 13 Pa. Superior Ct. 363, owing to uncertainty of the insured's age, a dispute arose as to the amount due under a life insurance policy; payment, however, was finally made of a specified sum, the claimant signing a receipt "in full for all claims against said company." Later, in an action brought to recover an additional sum, evidence was offered to show what was said at the time of settlement, plaintiff's contention being that a right was reserved to claim an additional amount in the event the insured's age, adopted as a basis of settlement, was found to be erroneous. Defendant denied such agreement, stating payment was refused until the receipt in full was signed. The Superior Court concluded the evidence was not adequate to warrant a finding that the paper was not a settlement in full of all claims, reversed a judgment for plaintiff and entered judgment in favor of defendant.

In the present case the burden was on plaintiff in the first instance to establish her contract and overcome the presumption of payment at usual or regular intervals. The correctness of the action of the trial judge in submitting this question to the jury is not raised in this appeal. He further held as to services rendered earlier

than March 1, 1906, the evidence was insufficient to overcome the effect of the receipt; in this conclusion we concur. Memoranda on the margin of the receipt acknowledges payment by plaintiff of various specific items including a note, mortgage, interest, plumbing bill and cash amounting in all to $1,169.54. On the other hand, plaintiff acknowledges receipt from deceased of room rent to date, an item for washing and a fee for satisfaction of a mortgage. In absence of further provisions it might well be argued the effect of a mutual paper signed by both parties should be confined to the items specifically mentioned. We have, however, additional words to the effect that the receipt was "a full and final settlement between us up to March 1st, 1906, the said Wm. Mazet on March 1st, 1906, owing the said Kate Flaccus nothing and the said Kate Flaccus on March 1st, 1906, owing to the said Wm. Mazet a $1,200 mortgage with interest thereon from December 14th, 1905," indicating the parties had in mind a general settlement of all accounts, and that so far as earlier transactions were concerned neither was indebted to the other, with the single exception mentioned. While plaintiff calls attention to the fact of there being no item for the specific services for which claim is here presented, the words used expressly negative the existence of such claim. We do not overlook the rule that words used in a release should not be construed to extend beyond the express consideration mentioned or to operate as a release of indebtedness the parties apparently did not intend: Rapp v. Rapp, 6 Pa. 45; Codding v. Wood, 112 Pa. 371; this, however, is a rule of construction and can have no application, where, as in the present case, the very language used by the parties excludes its use. We have here a written admission signed by plaintiff acknowledging decedent owed her nothing at that date. The only evidence presented by her for the purpose of overcoming the effect of the receipt, consists of proof of declarations made by decedent following the date of the receipt to the effect that plain-

tiff would be compensated in his will. These declarations may apply to the period succeeding the receipt as well as before and are not necessarily inconsistent with a view that the receipt was in full settlement of all accounts to that date. The evidence in its entirety is not sufficient under the rule discussed to sustain a finding for plaintiff for services preceding March 1, 1906, contrary to plaintiff's written admission in the receipt.

The judgment is affirmed.