## Derby v. Matushonek et al.

Before Aponick, Flannery and Lewis, JJ.

*Collins & Collins,* for plaintiff.

*James P. Harris,* for defendant.

*Leo W. White* and *Vincent M. Quinn,* for additional defendant.

FLANNERY, J., October 23, 1951.—On October 2, 1949, Kenneth Derby, plaintiff, was a passenger in an automobile owned and driven by his wife, Emma M. Derby, additional defendant, which collided with an automobile driven by Helen Matushonek, defendant.

On July 14, 1950, Emma M. Derby, or her insurer in her behalf, paid Helen Matushonek $823.50 in settlement of her claim for damages arising out of the accident and obtained the following release:

"RELEASE IN FULL

"FOR THE SOLE AND ONLY CONSIDERATION OF

"Eight hundred and twenty-three and 50/00 — (Dollars) ($823.50) to me/us paid, receipt of which is hereby acknowledged, I/we hereby release and discharge Emma M. Derby his or their successors and assigns, and all persons, firms or corporations who are or might be liable, from all claims of any kind or character which I/we have or might have against him or them, and especially because of all damages, losses or injuries to person or property, or both, whether developed or undeveloped, resulting or to result, from accident on or about October 2, 1949, at on Route No. 611 one mile North of Bartonsville, Pa., and I/we hereby acknowledge full settlement and satisfaction of all claims of whatsoever kind or character which I/we may have against him or them by reason of the above mentioned damages, losses or injuries.

"I/we have represented that the injuries sustained are permanent and progressive and that recovery therefrom is uncertain and undefinite, and in making this release and agreement, it is understood and agreed that I/we rely wholly upon my/our own judgment, belief and knowledge of the nature, extent and duration of said injuries and that no representations or statements regarding said injuries or regarding any other matters made by the persons, firms or corporations who are hereby released or any other person or persons representing him or them or by any physician or surgeon by him or them employed has influenced me/us to any extent whatever in making this release.

"It is further understood and agreed that the payment of said amount is not to be construed as an ad-

mission of liability upon the part of said persons, firms or corporations; liability being by him or them expressly denied.

"All agreements and understandings between the parties hereto are embodied and expressed herein and the terms of this release are contractual and not a mere recital.

"I/we have read the foregoing release and fully understand it. "Signed, sealed and delivered this 14th day of July, 1950.

> "In the presence of:
> "s/Marcella Yurko
> "Most Rev. William J. Hafey,
>     Bishop Diocese of Scranton.
> "By: s/Joseph A. Madden
>         "Vice Chancellor
> "(Claimants sign below)
> "s/Helen Matushonek      (Seal)
> "Citizens Insurance Co. of N. J.
>                         (Seal)
> "s/William Scott      (Seal)
>     "Assistant Secretary

"State of
"County of                 ss:

"On this 14th day of July, 1950, before me personally came Helen Matushonek to me known and known to me to be the person described in and who executed the within instrument, and who duly acknowledged to me that she executed the same of her own free will and accord, and that before such execution the various provisions thereof had been specifically called to her attention and explained to her and that she fully understands each and every one of them.

> "s/George Fierro,
>         "Notary Public.
> "My commission expires April 7, 1951."

Kenneth Derby, the husband, on December 11, 1950, instituted suit against Helen Matushonek for property damage and personal injuries in the sum of $25,000, and the latter joined Emma M. Derby, as additional defendant on the theory of liability over in case a jury should determine that both were negligent.

Emma M. Derby answered defendant's complaint denying negligence specifically and liability generally. As new matter, she set up the release to discharge her of liability over to defendant and she set up her marriage to Kenneth Derby to acquit her of liability direct to him.

In response to this new matter Helen Matushonek admitted the release but avers that it "was not intended to and did not release the additional defendant" from the claim of plaintiff for damages over. The marital status is not denied.

Now Emma M. Derby, additional defendant, moves for judgment on the pleadings.

The question of direct liability by the wife to the husband is not raised nor can it be. Under the facts here there is none and Emma M. Derby can be brought upon the record, if at all, only as additional defendant with liability over to Helen Matushonek: Fisher v. Diehl, Appellant, 156 Pa. Superior Ct. 476. But additional defendant claims the release discharges her from any and all liability to Helen Matushonek and the sole question to be resolved, therefore, is the legal effect of that release.

It was held far back as Welsh v. Dusar, 3 Binney 328, that the construction of written instruments is the province of the court and this province should not be invaded by the jury. This same view is expressed by the late Chief Justice von Moschzisker in his "Trial by Jury":

". . . When the evidence relied on is a writing, its construction is a matter exclusively for the Court. . . .": Sec. 312, page 214.

And see also Addleman v. Light & Heat Co., 242 Pa. 587; Keefer v. Sunbury School District, 203 Pa. 334: 5 Standard Pa. Practice 638, §127.

What then is the legal effect of the release given by Helen Matushonek? It is axiomatic that a release will cover all matters which it can fairly be said were within the contemplation of the parties. Brush et ux. v. Lehigh Valley Coal Company, 290 Pa. 322, 330, and cases there cited. This seems to be the standard accepted by legal authority and we must measure this release by that rule.

At the time it was executed it would appear that Helen Matushonek had been damaged in her person and her property in a collision with a car driven by Emma M. Derby. It is also apparent that she charged Emma M. Derby with responsibility for that accident and claimed from her those damages. And this claim Emma M. Derby paid. And for that payment Helen Matushonek gave this release. Fine spun theories must give way to realties. The only conclusion at which we can arrive is that Helen Matushonek not only disclaimed any negligence and any responsibility but placed the entire onus of the matter on Emma M. Derby, the owner and driver of the other car. It does not appear that Kenneth Derby, the husband, was a party to the negotiations; his name does not appear in the release, and there is no reference to his damage or his claim of damage. On the contrary, the release specifies . . . "all claims . . . which I . . . have or might have . . . because of all damages, losses or injuries to person or property, or both, . . ." These were the claims Helen Matushonek released. Five months later Kenneth Derby, the husband, instituted his suit claiming the accident was caused by the negligence of Helen Matushonek and now we are asked to conclude that this claim of a third person was within the contemplation of the parties and was included in the release. This view we are unable to accept.

A situation somewhat analogous arose in Cockcroft v. Metropolitan Life Insurance Company, 125 Pa. Superior Ct. 293, in which plaintiff was the beneficiary of insurance policies issued by defendant on the life of her husband. Upon the death of the insured, defendant paid the beneficiary the face amount of the policies, who thereupon executed, under seal, a release in favor of defendant from all claims and demands under the policies. Subsequently she sued on the same policies for the double indemnity, alleging that the contract covered such a contingency. The company defended, inter alia, by offering the release in evidence. The court held (page 298-299) :

"There were two causes of action under the policies in question; one for natural death, and the other for accidental death. Whether the release given upon settlement of the death claim relinquishes any rights to recover for accidental death, carrying with it double indemnity, depends upon the facts and circumstances existing at the time of the execution of the release. 'The law is, that the words used in a release ought never to be extended beyond the consideration; otherwise it would make a release to the parties, what they never intended or contemplated': Rapp v. Rapp, 6 Pa. 45, at page 51. See Flaccus v. Wood, Ex'x, 260 Pa. 161, 165, 103 A. 549, 551."

This defense was rejected by the court.

In the case of Bell Telephone Company of Pennsylvania v. Baltimore & Ohio Railroad Company, 155 Pa. Superior Ct. 286, defendant railroad company gave to the Bell company a license or permit to maintain underground conduits on its station site. The license agreement contained a general release of damage from whatever cause. It subsequently leased the station site or part of it to a Service Station, Inc., which in the course of excavating for the installation of its underground

equipment caused extensive damage to the Bell con-duits. That company sued the railroad, which together with bringing in the Service Station, Inc., as additional defendant, produced the release as a discharge of any liability on its part:

The Superior Court held (page 290):

"In our opinion, to apply this release to the facts of the instant case would do violence to the settled rule that a release ordinarily covers only such matters as may fairly be said to have been within the contempla-tion of the parties when it was given: Cockcroft v. Met-ropolitan Life Ins. Co., 125 Pa. Superior, 293, 189 A. 687. This may be an 'accident . . . to . . . property on said premises,' but the cause of the injury and the manner of its occurrence were even more unforseeable than the narrowing of the cribbing which increased the flow on the property owner's land in Miskel v. Lehigh Valley Coal Co., 85 Pa. Superior Ct. 357, and Brush v. Lehigh Valley Coal Co., 290 Pa. 322, 138 A. 860, and was held not within the scope of the broad release therein given."

It seems to be settled in the law that words used in a release will not be construed to extend beyond the express consideration mentioned or to operate as a release of indebtedness the parties did not intend: Rapp v. Rapp, 6 Pa. 45; Codding v. Wood, 112 Pa. 371; Flaccus v. Wood, Exec., 260 Pa. 161. And it is likewise settled as a rule of construction that an agreement comprehends only those things in respect to which it appears the contracting parties propose to contract and not others that were never considered: Crum v. Pennsylvania Railroad Company, 226 Pa. 151.

In order to sustain their position that additional defendant is discharged by the release, counsel cite Kull v. General Motors Truck Company, 311 Pa. 580, and Hill & MacMillan, Inc. v. Taylor et al., 304 Pa. 18. These authorities reaffirm the well known doctrine that

parol modifications of a complete written contract will not be permitted in the absence of an averment that the element sought to be supplied was omitted by fraud, accident or mistake. This doctrine is a landmark in our law universally recognized but, unfortunately for additional defendant, it has no application here.

The question to be determined is what claim was contemplated in the release. We are satisfied it was the claim of Helen Matushonek for her own damages and not the claim which Kenneth Derby subsequently raised against her—or, perhaps, against his wife through her—months after the original settlement had been agreed upon and the release executed.

Wherefore, motion of additional defendant for judgment is overruled.