## Schupak v. Neiberg

750

*Davis & Davis* and *Meyer, Lasch, Hankin & Poul*, for plaintiffs.

*M. L. Ciccarelli* and *Ambler, Detweiler & Walsh*, for defendants.

OLIVER, P. J., November 5, 1956.—This case is before us on additional defendant's motion for judgment on the pleadings.

These joint causes of action arose out of a collision between automobiles driven, respectively, by plaintiff, David Schupak, and defendant, Bernard Neiberg. Plaintiff, Bertha Schupak, was a passenger in her husband's car. Husband and wife brought suit against Neiberg. There was a severance and, in the wife's suit, Bernard Neiberg joined David Schupak as an additional defendant.

In additional defendant's answer, under the heading, "New Matter", Schupak pleaded that the original defendant Neiberg, for valuable consideration, paid by Schupak's insurer, had released Schupak "of and from any and all claims, actions, causes of action, demands, rights, damages, costs", etc., which Neiberg "now has or which may hereafter accrue on account

of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting or to result from the accident" in question.

In his reply to this new matter, the original defendant contends that the release does not have the broad legal effect attributed to it by the additional defendant; that there was fraud in obtaining the release, and that, in any event, additional defendant rendered the release void by instituting the present action.

As we said in a prior opinion in this case: "We are aware of the possible hardship that may result in some cases where an original defendant is prevented from asserting his right of contribution because he executed a release of the kind above referred to. However, we believe we are bound by our Supreme Court's decision in a *per curiam* opinion in the case of *Killian v. Catanese*, 375 Pa. 593 (1954), where it was held that a release substantially similar to the one in the present case prevented joinder."

The holding in the Killian case has been restated recently by the Supreme Court in Davis v. Miller, 385 Pa. 348 (1956). See also Brill's Estate, 337 Pa. 525 (1940); Flaccus v. Wood, 260 Pa. 161 (1918).

The original defendant would, therefore, be estopped from joining additional defendant by a valid release of the type here involved. Whether the release in this particular instance is valid and binding is another consideration.

The original defendant alleges fraud in procuring this release in that the additional defendant's insurance carrier did not inform the original defendant that the present law suit was contemplated and did not inform him of the legal effect of the release.

Liability for nondisclosure arises when the party being charged is under a duty to disclose the matter

in question. Section 551(2) of the A. L. I. Restatement of the Law of Torts sets forth three situations in which such a duty arises: (a) When there is a fiduciary relationship; (b) when subsequently acquired information makes untrue a previous representation, and (c) to correct a prior misrepresentation if knowledge is obtained that the other is about to act in reliance thereon.

None of these situations is applicable in the case before us. No specific averments of fact concerning the alleged fraud are contained in the original defendant's reply. However, it was brought out during the course of the argument on this motion, that the additional defendant's insurance carrier dealt directly with the lawyer for the original defendant. The release was mailed to the original defendant's attorney who then had his client execute it.

Under these circumstances, we find that this was an arms-length transaction with no duty on the part of the additional defendant to discuss or disclose the legal consequences of the release. As there was no duty to disclose this information, the additional defendant cannot be held, on the ground of failure to disclose, to have obtained the release by fraud.

A more difficult question is posed by the original defendant's contention that the release was rendered void by the additional defendant's subsequent suit against the original defendant, the releasing party.

The release provides: "(2) It is understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said releasees deny liability therefor and intend merely to avoid litigation and buy their peace."

It is noted that the release involved in the Killian case, supra, did not contain any similar paragraph;

nor did the released party institute the action in that case. Thus, the holding in the Killian case is not directly on point here in determining whether or not the additional defendant breached the provisions of the release by instituting suit.

After a careful reading of paragraph 2, however, we are convinced that the additional defendant was not prohibited from bringing an action against the releasing party.

Under the literal terms of this paragraph, the additional defendant did not admit liability. On the contrary, he specifically denied it. In addition, the intention of the *releasees* (not the releasor) to buy their peace is clearly expressed.

This was not a mutual agreement not to institute further action. The releasing party, the original defendant, released the additional defendant from all liability "for the sole consideration" of $850. There was no promise by the additional defendant to refrain from bringing an action against the original defendant.

The release in this case barred the joinder of the additional defendant. There was no fraud by the additional defendant's carrier in not informing the original defendant of the sweeping effect of this release. As the original defendant did not receive a promise by the additional defendant not to sue as further consideration for his release, the additional defendant did not breach the terms of the release by bringing this action.

We, therefore, conclude that the additional defendant's motion for judgment on the pleadings should be granted.

And now, November 5, 1956, order entered. Judgment is hereby entered in favor of David Schupak, additional defendant, and against Bernard Neiberg, original defendant.