## Strouse, Appellant, v. Nye.

*Practice, C. P.—Case stated—Essentials of—Nothing to be left to inference.*

1. On a case stated, the facts must be distinctly and expressly agreed upon and set forth as admitted, and not left to be inferred from mere evidence; whatever is not set forth will be taken not to exist.

*Liquor laws—Transfer of license—Proportionate part of license fee.*

2. In the absence of an express contract in terms or plainly deducible from the special circumstances, there is no obligation on the part of the transferee of a retail liquor license to pay to the licensee a proportionate part of the license fee, or any other sum, which can be enforced in action at law, or attached by a judgment creditor of the transferror.

Argued Dec. 5, 1912. Appeal, No. 152, Oct. T., 1912, by plaintiff, from judgment of C. P. Schuylkill Co., May T., 1912, No. 243, for defendant on case stated in suit of L. Strouse & Co. v. H. J. Nye and Charles Schmolze, Garnishee. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Case stated to determine what, if anything, was due under an attachment execution.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant.

*R. P. Swank,* for appellant.—The fee paid for the unexpired term of a retail liquor license is a valuable asset with a fixed market value: Immendorf's Estate, 190 Pa. 590; Schroeter's Estate, 50 Pitts. Leg. J. 431; Fury's Estate, 35 Pa. C. C. Rep. 298; Auer's Estate, 14 Pa. Dist. Rep. 114.

The garnishee cannot defeat attachment by setting up the claim that he has not agreed to pay anything for retail license.

One who, in the absence of an express contract, takes or accepts the property of another, is liable on the implied

promise to pay for the same: Adams v. Columbian Steamboat Co., 3 Whart. 75; Reis v. Herman, 1 W. N. C. 84; Indiana Mfg. Co. v. Hayes, 155 Pa. 160; Philadelphia Co. v. Park, 138 Pa. 346.

*Arthur L. Shay,* for appellee.—While a license cannot be assigned, strictly speaking, yet, where an assignment of one is made, it is held to be "nothing more than his expression of consent that the license may be transferred to his assignee by the authority granting the same; as this covenant is essential to the transfer, there is nothing unlawful in it:" Germantown Brewing Co. v. Booth, 162 Pa. 100; Cronin v. Sharp, 16 Pa. Superior Ct. 76; Grimm's Estate, 181 Pa. 233.

This court has decided, "that the ownership of property by a brewing company to which a retail liquor license is granted, is lawful:" Charles D. Kaier Company, Limited, 49 Pa. Superior Ct. 413.

A case which bears some resemblance to the one at bar is that of Aschenbach v. Carey, 224 Pa. 303.

OPINION BY RICE, P. J., April 21, 1913:

This case came into the common pleas by the garnishee's appeal from the judgment of a justice of the peace in an attachment execution. Thereafter the parties agreed upon a case stated "for the opinion of the court in the nature of a special verdict," in which they stipulated that if the court should be of opinion that the judgment rendered by the justice of the peace was warranted by the facts set forth in the case stated, then judgment should be entered for the plaintiff and against the garnishee "for the proper amount found to be due," but if not then judgment to be entered for the garnishee. It is essential to a case stated that all the material facts be agreed upon, so that the court may have nothing to do but to pronounce the law arising out of them. As in a special verdict, the facts must be distinctly and expressly agreed upon and set forth as admitted, and not left to be inferred from

mere evidence; whatever is not so set forth will be taken not to exist. Viewing this case stated in the light of these well-settled principles, it is open to the criticism that some of the matters, which, judging from the arguments of counsel, are regarded as having an important bearing on the decision, are not stated as admitted facts but are left to be inferred from the evidence, which, it is stated, was given before the justice of the peace. Again, the amount of the judgment to be entered in favor of the plaintiff, in the event of recovery by him, is not definitely stated, but is the "proper amount" which the court shall find to be due. Moreover, many irrelevant matters are introduced in the case stated which tend rather to obscure than to throw light on the real question for decision.

But passing these objections, and looking at the relevant facts which are agreed upon, we think sufficient appears to show that the court committed no error in entering judgment for the garnishee. It appears that a retail liquor license was granted to H. J. Ney, the defendant, for the year beginning February 1, 1912, and as he had not the money to take up the license, the required fee of $200 was paid to the proper officer by the Rettig Brewing Company, the owner of the building. We remark in passing that it is not stated as an admitted fact that this was a loan to the defendant; nor is that fact fairly deducible from the facts that are admitted. The brewing company seems to have advanced the money to subserve its own purposes, and these, whether lawful or not, did not involve a loan to the defendant which he was bound to repay. But to proceed, Charles Schmolze, the garnishee, filed his petition for a transfer of the license to him, which, after several continuances of the hearing thereupon, was granted on February 24, 1912. In the meantime the plaintiff had obtained judgment against the defendant, and on February 23 he issued this attachment execution thereon, which was served on the defendant and the garnishee the same day.

It is well settled that an attachment execution binds

all funds of the defendant that come into the garnishee's hands after service of the writ and before judgment is entered or the attachment is dissolved. Relying on this general principle the plaintiff contends that this attachment bound the sum which, immediately upon the transfer of the license to the garnishee, the latter became obligated to pay to the defendant, and that, as the license then had 341 days to run, this sum was 341/365 of the license fee. The premises may be conceded, but we are unable to adopt the conclusion that under the admitted facts the garnishee became obligated to pay to the defendant a proportionate part of the license fee or any other sum. No agreement in terms is alleged which would support such obligation, and no facts are alleged from which the fact of such agreement could be deduced. On the contrary, the evidence recited in the case stated tends to repel any inference that such agreement was intended by the parties. If, therefore, the garnishee is to be held to have become obligated to the defendant, as claimed, it cannot be on the ground that the parties so contracted or so intended, but must be solely because the law imposes on the transferee of a retail liquor license an obligation to pay to the original licensee a proportionate part of the license fee. We cannot agree that such obligation is imposed by law. Certainly it is neither expressly nor impliedly imposed by the statute governing the transfer of liquor licenses. Nor can we see that it arises by implication as the result of the application of principles of natural justice or of equity. An arbitrary rule which in its application might compel the transferee to pay more than this privilege for the remainder of the year was worth would be neither equitable nor just. It is said that the license is a valuable asset of the licensee which, by transfer, passes to his successor in business. Grant this. It is nevertheless true that the successor acquires the privilege, not by the original licensee's act but by the act of the court which has in view more the public interest than the private interest or advantage of the original licensee. If the

latter sees fit for any reason to go out of business he thereby submits to the authority of the court to transfer the license to his successor; and even if it be assumed that this cannot ordinarily be done without his consent, it is for him to determine upon what terms he will surrender his business and give his consent. Where an owner of land pays the taxes thereon at the beginning of the year at the time they fall due and thereafter, during the year, sells to another, no implied obligation rests on the latter to pay to the vendor a proportionate part of the taxes. It is the latter's business to make his bargain, with the alienee, and this is usually done. The analogy between the question arising in that class of cases and the question under discussion is not perfect, but to say the least the obligation of the successor to a licensee to pay to the latter a proportionate part of the license fee does not rest on any firmer ground than the obligation of an alienee of land to reimburse the alienor in the case supposed. We conclude that, in the absence of an express contract in terms or plainly deducible from the special circumstances, there is no obligation on the part of the transferee of a retail liquor license to pay to the licensee a proportionate part of the license fee, or any other sum, which can be enforced in an action at law. It results that the defense which would have been available to the garnishee if the defendant had brought suit against him is equally available to the garnishee as against the plaintiff in the attachment.

The judgment is affirmed.