## Rutz v. Hoffower, etc.

*Rydesky & Gresimer*, for plaintiff.
*Edwin W. Tompkins*, for defendant.

HIPPLE, P. J., May 6, 1940.—In this action of assumpsit, plaintiff claims to recover from defendant the sum of $456.76, with interest from March 1, 1938. The action was commenced by a summons issued April 25, 1939, on which date plaintiff filed a statement of claim. The parties agreed upon the facts in the nature of a case stated and defendant was not required to file an affidavit of defense. The facts agreed upon are that plaintiff, a resident of Cameron County, at the special instance and request of defendant, a resident of Emporium Borough, Cameron County, doing business as Emporium Sanitary Dairy, sold and delivered to defendant, from the month of December 1936 to March 1, 1938, a quantity of milk, specifically set forth in plaintiff's statement by the number of quarts thereof sold and delivered each month, for which plaintiff charged the sum of $2,930.59; that on December 1, 1936, the parties had mutually settled their

accounts prior to that date, and defendant then owed plaintiff the sum of $457.83, making a total amount due, claimed by plaintiff as of March 1, 1938, of $3,388.42, against which plaintiff admitted credits by way of payments by cash or checks and delivery of groceries amounting to $2,474.89, leaving a balance due as of March 1, 1938, of $913.53.

On March 10, 1938, defendant drew and delivered to plaintiff as payee his check no. 4195 upon Emporium Trust Company, in the sum of $456.77, the check being certified by the trust company on the same day. On the back of the check was the following typewritten endorsement:

"This endorsement constitutes a complete release by the undersigned payee of said check, for all claims, demands, accounts or otherwise, of whatsoever kind or nature, which I ever had, now have, or hereafter, can, shall or may have in law or equity against E. P. Hoffower, t/a Emporium Sanitary Dairy, up to March 1, 1938". Plaintiff accepted the check, signed the endorsement on the back thereof, cashed the same, and acknowledges receipt of the amount thereof, viz., $456.77.

The question submitted for determination is: "Whether the issuance and delivery of the aforesaid check to plaintiff by defendant and the endorsement and cashing of same by plaintiff constitutes payment in full of the amount of $913.53 due to plaintiff at the time of such issuance, delivery, endorsement, and cashing of said check."

Defendant contends that, by the acceptance of this check with the endorsement thereon signed by plaintiff and the cashing of the same by plaintiff, there was a full payment of the amount due plaintiff as of March 1, 1938, upon the theory that there was an accord and satisfaction of the account; that the check is in effect a receipt in full for the amount due on March 1, 1938, and was a complete release by plaintiff of any claims against defendant, because there were no facts set forth in the

case stated alleging fraud, accident, or mistake which would set aside the release so signed by plaintiff.

The position of plaintiff is that the acceptance and cashing of the check does not constitute payment in full of the account due from defendant to plaintiff, nor is it a release of the balance due on the account after crediting the amount of the check thereon, notwithstanding the endorsement on the back thereof, because, (1) the debt from defendant to plaintiff being overdue and unrestricted, part payment thereof is not such consideration as will support the release, and (2) that, even if based upon a sufficient consideration, the release is illegal and void because it violates the provisions of the Milk Control Law of April 28, 1937, P. L. 417, and in effect is the granting of a discount or rebate by a producer to a dealer which is specifically prohibited by the Milk Control Law.

■ The acceptance of the certified check, the endorsement, and signing of the release on the back thereof, the cashing of the check, and the receipt of the money therefrom by plaintiff was the free act of plaintiff. The release or receipt endorsed on the back of the check and signed by plaintiff is prima facie evidence of a settlement between the parties. It cannot be set aside except for weighty reasons such as fraud, accident, or mistake, and such causes for disregarding it must be made to appear distinctly. There is nothing in the case stated which indicates that the check was received by plaintiff by reason of any false representations, any fraud practiced upon plaintiff by defendant, or through any mistake, or that the signing of the release or receipt on the back thereof was induced because of any such reasons. Plaintiff knew at the time he received the check that it did not represent the full amount of the claim he alleges to have against defendant. Nevertheless, so far as is set forth in the case stated, plaintiff did not receive the check merely as part payment, nor did he do anything to call the matter to the attention of defendant. He

waited for the period from March 10, 1938, until April 25, 1939, over one year, before taking any action to collect the balance alleged to be due. If plaintiff had not been willing to accept the check, with its endorsement amounting to a complete release, in full payment it was his duty to return it without using it.

". . . It must be assumed that the receipt was given for some purpose, and that it was not a mere meaningless paper": Rhoads' Estate, 189 Pa. 460, 462.

It is true that such receipts or releases are open to explanation, but "where there is no explanatory testimony, they have a defined legal meaning. . . . Such receipts then are placed in the same category as other written instruments which are made the depositories of the solemn agreements of contracting parties": Rhoads' Estate, supra, pp. 462, 463; MacDonald, to use, v. W. H. Piper & Co., 193 Pa. 312; Carl v. Carl, 4 D. & C. 305; Honeysett v. The White Co., 104 Pa. Superior Ct. 535; Haze v. Home Friendly Ins. Co., etc., 130 Pa. Superior Ct. 366; Flaccus v. Wood, Executrix, 260 Pa. 161.

We do not think the case of Hendrick v. Thomas, 106 Pa. 327, is controlling under the facts in the instant case, and hold that, under the facts set forth in the case stated, there was an accord and satisfaction between the parties by which plaintiff is bound.

■ A case stated must set forth the facts involved distinctly and unequivocally. Nothing must be left to inference, and what is not expressly and distinctly agreed upon and set forth as admitted cannot be taken to exist. This is because the court will draw no inference from the facts contained in the case stated: The Philadelphia & Reading R. R. Co. v. Waterman et al., 54 Pa. 337; Union Savings Bank v. Fife, 101 Pa. 388; Seiple, to use, v. Seiple et al., 133 Pa. 460; Addyston Pipe & Steel Co. v. City of Corry, 197 Pa. 41; Mutchler v. Easton, 148 Pa. 441; S. A. Loux & Son v. Fox et al., 171 Pa. 68; Strouse v. Nye, 53 Pa. Superior Ct. 304.

In the brief submitted by plaintiff, it is stated that defendant is a milk dealer and plaintiff a milk producer, and it is assumed by plaintiff that the prices charged against defendant for the purchase of milk from the months of December 1936 to June 1938 inclusive, together with the balance alleged to be due as of December 1, 1936, of $457.83, were the prices fixed by the Milk Control Board.

However, there is nothing either in plaintiff's statement of claim, the first five paragraphs of which were admitted to be true by defendant in the agreed statement of facts, which averred: (1) That plaintiff was a milk producer or a milk dealer; (2) that defendant was a milk producer or a milk dealer, except as might be inferred from the statement that defendant did business as Emporium Sanitary Dairy; (3) that the balance due as of December 1, 1936, was based upon prices for milk fixed by the Milk Control Board under the original Milk Control Board Law of January 2, 1934, P. L. 174, as reënacted and amended by the Milk Control Board Law of April 30, 1935, P. L. 96, or that the charges made for milk delivered from the months of December 1936 to and including April 28, 1937, were based upon such prices; (4) that the prices charged for milk delivered from April 28, 1937, to and including the month of February 1938 were based upon prices fixed under the Milk Control Law of April 28, 1937, P. L. 417; (5) that any minimum prices were so fixed by the Milk Control Board during the period in which plaintiff sold milk to defendant, or if so, what the minimum price was for the milk so delivered and sold; (6) that the Milk Control Board, under any of the acts above cited, fixed a maximum price for the sale of milk and defined the milk marketing area within which Emporium Borough is located; (7) that defendant was not within the class of milk dealers, assuming that he was a milk dealer, who were exempted by the Milk Control Board from the operation of the acts of assembly referred to, or that

the settlement of the account between plaintiff and defendant, amounting to $913.53 for the sum of $456.77, was in fact a payment on the basis of a price less than the minimum price determined by the Milk Control Board.

It is impossible to separate the items composing the balance of $475.83 as of December 1, 1936, from the amounts charged from December 1936 to April 28, 1937, and the court has no facts before it from which it can determine that the settlement of March 10, 1938, was a violation of the provisions of the Milk Control Law. Insofar as the case stated sets forth the price of 5 cents per quart charged from December 1936 to June 1937 inclusive, and 5½ cents per quart charged from July 1937 to February 1938 inclusive, these may have been the maximum prices, if any, fixed by the Milk Control Board, or may have been a price somewhat higher than the minimum and lower than the maximum price and the settlement, on March 10, 1938, between the parties on the basis of a payment of $456.77, might represent the sum due based upon minimum prices throughout the period for which recovery is claimed or might be a sum based upon a price somewhat higher than the minimum and lower than the maximum price fixed by the Milk Control Board.

It is not possible therefore to pass upon plaintiff's contention that the release endorsed upon the back of defendant's check dated March 10, 1938, is illegal and void because the amount thereof represented a settlement between the parties in violation of the Milk Control Laws. In the submission of a case upon agreed facts, the court must have all of the facts before it so that it has nothing to do except pronounce the law arising from the facts. The court cannot infer from plaintiff's statement of claim and the facts agreed upon in the case stated that the settlement between the parties and the release executed by plaintiff to defendant did actually violate any of the three acts of assembly above cited.

Therefore, for the reasons above stated, the court is of the opinion that judgment must be entered for defendant.

### Decree

And now, May 6, 1940, for the reasons stated in the foregoing opinion, judgment is hereby directed to be entered in favor of defendant.